WILHELMINA KRUGER v. FRANCIS LE BLANC ET AL.

[See 62 Mich. 70.]

*Homestead—Execution for costs—Husband and wife—Separate
ownership of land and buildings.*

1. A judgment for costs in favor of defendants, on the reversal of a
   judgment in favor of a plaintiff in an action sounding in tort, is
   subject to the statutory homestead exemption.

2. A wife can claim a homestead exemption in a farm owned by her,
   and upon which she lives with her husband, even though he is
   the head of the family, and manages the farm.

3. A wife can claim a homestead exemption in a farm on which she
   lives with her husband, who is the owner of the buildings and
   she of the land, as against *her* judgment creditors, to whom she
   gave notice of such claim, neither she nor her husband having
   made the statutory selection, and the husband making no differ-
   ent or adverse claim to that of the wife.

Appeal from Wayne.    (Gartner, J.)    Argued April 24,
1889.    Decided June 21, 1889.

Bill to protect a homestead.    Defendants appeal.    Decree
affirmed.    The facts are stated in the opinion.

*Henry M. Cheever,* for complainant.

*George H. Prentis, B. T. Prentis,* and *H. G. Holmes,*
for defendants.

MORSE, J.    Mrs. Kruger, the complainant, on the fifth
day of June, 1884, recovered a judgment against the defend-
ants LeBlanc, Cicotte, Champagne, and Washer, in an action
of trespass, in the Wayne circuit court, for $60 damages.
This judgment was brought to this Court on writ of error,
and here reversed, and a new trial granted, June 24, 1886

(see 62 Mich. 70), with costs of this Court to the defendants. The costs were taxed at $90.40.

A writ of execution for this sum was issued out of this Court in due form, directed to the sheriff of Wayne county, which execution was on the twenty-fourth day of August, 1886, levied by George H. Stellwagen, then sheriff of said county, upon all the right, title, and interest of complainant in certain lands. The lands were regularly advertised to be sold under said levy, the sale to take place November 19, 1886, at 11 o'clock A. M. The sale was on that day adjourned to December 3, 1886, at 11 o'clock A. M., at which time the land was sold under said levy, and bid in by the defendant Thomas Henderson, he being the highest bidder at such sale, for the sum of $132.70.

On the same day the sheriff delivered a certificate of such sale to said Henderson, which was recorded in the register of deeds' office of Wayne county, April 22, 1887.

The complainant filed her bill, claiming that the land thus levied upon and sold—about 25 acres—was at the time of such levy and sale, and now is, her homestead, and all the land that she owns; that the premises are not worth over $1,500, and there is an incumbrance upon them of $500, which is still unpaid and subsisting; that before the sale of said land, and on the eighth day of November, 1886, she caused a notice to be served upon said sheriff, Stellwagen, under How. Stat. § 7723, claiming a homestead in the prem- ises, and that they did not exceed the sum of $1,500 in value, and were only 25 acres in quantity.

She further alleges in her said bill that, notwithstanding the service of this notice, the sheriff, under the direction of the first four named defendants, instead of discharging such levy or taking proceedings under the statute to appraise the value of the premises, and ascertain whether it could be divided if the value was found to be over $1,500, proceeded to sell, and did sell, the lands under and by virtue of such

levy, to the said Thomas Henderson, in violation of the law in such case made and provided.

That the term of office of said Stellwagen has expired, and the defendant Louis B. Littlefield is his successor, and, as such successor, authorized to execute a sheriff's deed under the sale made by Stellwagen; that the extreme limit of time allowed by law for redemption will expire on the third day of March, 1888, and that Henderson threatens to demand a deed of Sheriff Littlefield, and said Littlefield threatens to execute and deliver such deed to Henderson.

That Henderson, when he purchased the lands at said sale, was fully informed and knew that all the proceedings after such levy were illegal and void, for the reason that the lands were sold in violation of the statute, and without any recognition of the notice to the sheriff of claim of homestead, or any compliance with the law in reference thereto.

She alleges that this action and threatened action of the defendants constitute a cloud upon her title, and prays that Sheriff Littlefield and his deputies may be enjoined from making and delivering a sheriff's deed of the premises to Henderson, and that Henderson be restrained from receiving such deed; and that all the proceedings in the issuing and levying of said writ of execution, and the sale, and the issuing and filing of the sheriff's certificate, be declared null and void, and that the defendants Le Blanc, Cicotte, Champagne, and Washer be enjoined from issuing any other writ of execution upon the judgment for costs obtained by them in this Court for the collection thereof.

The defendant Littlefield put in a disclaimer, and the other defendants answered.

The answers, in substance, denied that the premises were the homestead of complainant, and averred the value of the same to be at least $2,500.

They admit that Stellwagen did not summon a jury, and did not adjourn said sale for 60 days, as provided in sections

7723, 7724, 7728, 7729, How. Stat., and allege that the same was not necessary under the laws of this State, and that the sheriff in making such sale did not violate the law.

They aver ignorance as to any service of notice of claim of homestead upon the sheriff.

The answer of the defendants Le Blanc, Cicotte Champagne, and Washer also avers that on the eighteenth of November, 1886, and before the sale, the complainant filed her bill of complaint in the same court as the present bill, setting forth her ownership and occupancy of the land, and the value thereof, and the incumbrance thereon, and also the said suit, and the proceedings therein, and the taxing of said costs against her in the Supreme Court, the issuing and the levy of the execution, substantially as set forth in the present bill, and praying that the sheriff might be enjoined from selling the premises under said writ, and that the levy be canceled; that a temporary injunction was issued on the filing of such bill, which injunction, on motion, was dissolved December 2, 1886.

Afterwards, on December 15, 1886, said cause being at issue, the complainant, by notice duly given, obtained the right to take testimony in open court, as in a suit at law; since which time nothing has been done, and the case seems to have been practically abandoned by the complainant.

Replications to the answers were filed, and proofs taken, and on the hearing Judge Gartner granted a decree in favor of the complainant; declaring that the property was the homestead of the complainant at the time of the levy, and not exceeding $1,500 in value, and occupied by her as such, and not liable to be sold on execution without taking the steps required by the statute; that notice was given as claimed by complainant to Sheriff Stellwagen, and that he sold the premises in disregard of such notice.

The decree perpetually enjoins the sheriff and his deputies from executing and delivering any deed upon the sale, and

declares all the proceedings in the premises, after the levy of the execution, null and void, and provides that a record of the decree in the office of the register of deeds of Wayne county shall operate to remove the cloud from complainant's title caused by the issue and filing of the certificate.

The record shows clearly enough that the proper notice of a claim of homestead was served upon the sheriff. It is equally clear that he paid no attention to it. The complainant owned and occupied the land. The value of it is not certain from the testimony, and as the case stands is immaterial.

The argument is made that the demand against Mrs. Kruger, being a judgment for costs in an action brought by her sounding in tort, is such that there is under the Constitution or the statutes no homestead exemption. It is claimed that neither the Constitution nor the statute exempts any homestead against judgments in tort actions.

It is sufficient for the purposes of this suit that the judgment upon which the execution and levy was based was not rendered against Mrs. Kruger for any tort that she had committed. It was a judgment for costs expended by some of the defendants in securing a reversal of a judgment against them. Such a judgment must be subject to the homestead exemption allowed by law.

It is also contended that Mrs. Kruger could not plead a homestead in the premises, because the record shows that her husband owned the buildings upon the place, and was the real occupant of the land, and the head of the family.

The testimony shows that Mrs. Kruger and her husband moved upon the land in 1870, and that he then owned it. In 1880 he deeded it to his wife. The husband, who was a witness, testified that he owned the buildings, as he deeded her only the real estate. It appears, however, from the testimony of the complainant, that the present house in which they live, the barn, and a stable have been built on the place since

the deed of the land to her. It also appears from the testimony of both of them that for the last 12 years the husband has been lame with the rheumatism, and unable to do but little work on the farm. Mrs Kruger and the children have done the work on the farm, and she has practically managed it. We think the circuit judge was right in determining the premises to be her homestead. The land is hers, and she lives upon and works it, and claims it as her homestead.

It would seem from the testimony, also, that the buildings are hers. It is true, the husband claims to own them, but they were put on the place after she owned the land. He puts his ownership on the ground that he only deeded her the real estate; but to be the owner of them, under the circumstance of their having been built since his deed of the land to her, there must have been some agreement between them by which he obtained the right to build them on her land. The probabilities are that she would be determined to be the legal owner of the buildings by reason of her ownership of the land, if any contest should arise between the husband and herself.

But suppose the buildings do belong to the husband, how does the case then stand? It is contended by the counsel for the defendants that there cannot be a double homestead in these premises; that, if the husband owns the house and the buildings, he would be entitled to them as his homestead. Then, if the wife be also given the homestead exemption of the land, there is a double exemption, not authorized or contemplated by the Constitution or statutes, under the most liberal interpretation of the same.

The learned counsel admit that if she owned the buildings she would be a householder, and an occupant, under the statutes (How. Stat. §§ 7721, 7723, 7728), and that in such case the law would not prevent her claiming her homestead exemption because her husband jointly occupied the house with her. But they insist that if the husband owns the house,

and is living in it, he, and not the complainant, is the "householder" and the "occupant" referred to, and protected in the rights of the homestead, in these statutes; and that all the homestead right she can have in the premises comes incidentally under him, the homestead being for the benefit of the family, and not from any constitutional or statutory right of her own, not connected with his occupancy and possession; that a married woman, living with her husband in his house, cannot be in law a householder.

We do not think it material in this case who owns the buildings, or who is the actual head of the family. There is no testimony in the case as to the value of the buildings on the land. If Mrs. Kruger owns the buildings as well as the land, and this is all the real estate owned by either herself or husband, and they are living upon it, she has the right to claim it as her homestead, and it is exempt to the value of $1,500; and this is her right, even if her husband is the head of the family, and manages the farm. If her husband owns the buildings, she has still this right, as against the defendants. There has never been any statutory selection of a homestead by either herself or her husband. The homestead is for the benefit of the family. The wife is as much interested in it as the husband. These defendants levy upon her lands,—land upon which she, her husband, and family are living. She gives the proper notice to the sheriff that she claims it as a homestead. Her husband does not interfere or make any claim of a homestead adversely to or different from her claim. It is of no concern to these defendants what he might do if his property was levied upon by some one else for his debt.

True, this family can have but one homestead, but, if the buildings and the land together are not worth over $1,500, this family would be entitled to the whole as a homestead, even if the husband owned the buildings and the wife the land; and, if the land alone is worth $1,500 or more, then, if

the wife claims and secures such land to the value of $1,500 as a homestead, without any protest or denial by the husband, the homestead of the family—of both husband and wife—will be fixed in the land.

The judgment and decree of the court below is affirmed, with costs.

The other Justices concurred.