## FITZSIMONS v. KANE.

1. APPEAL AND ERROR—QUESTIONS OPEN TO REVIEW.

Where, in a suit in aid of execution, defendant testified that a mortgage on the property involved was given for services rendered by attorneys and an accountant in a suit for an accounting, and there was no evidence to the contrary, on appeal from a decree allowing sale of the property subject to defendant's homestead rights and said mortgage, plaintiff may not urge failure of consideration or ask the court to measure or limit the compensation of the attorneys to actual time spent in court on the hearing of the accounting suit.

2. EQUITY—MORTGAGES—VALIDITY.

A mortgage for attorneys' services executed after a decree had been pronounced and signed dissolving a temporary injunction restraining defendant from incumbering her property, but before the decree was filed, was valid.

3. HOMESTEADS—NOT WAIVED BY FAILURE TO ASSERT IN PLEADINGS OR ON TRIAL.

If the owner of property which a judgment creditor seeks to subject to sale under execution makes such property his home, in fact it is his homestead, needs no formal declaration as such, and judgment creditors must recognize its character and respect its extent, and therefore homestead rights are not waived by defendant's failure to assert same in the pleadings or at the trial in a suit in aid of execution.

4. SAME—OCCUPANCY OF HOMESTEAD CONSTITUTES NOTICE.

That a judgment debtor occupied the premises as her home constituted notice to the judgment creditor of the homestead character, and was evidence in and of itself of election to have homestead rights.

5. SAME—COURT HAS POWER TO PROTECT.

Under a bill in aid of execution, the court has the power and duty to protect the homestead right, even if the subject-matter is not presented until the decree is being reduced to form.

6. SAME—NOT RESTRICTED TO MARRIED MEN OR HEADS OF FAMILIES.

Under the Constitution (Art. 14, § 2) and statute (3 Comp. Laws 1915, § 12888) homestead right in Michigan is not restricted to married men or heads of families, although if one entitled to a homestead has a wife or children, then certain statutory provisions intended to protect the family come into play.

7. SAME—TENANT IN COMMON.

A tenant in common may acquire a homestead.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted October 17, 1928. (Docket No. 33, Calendar No. 33,939.) Decided December 4, 1928.

Bill in aid of execution by James Fitzsimons, surviving partner of James Fitzsimons and Maurice Sullivan, copartners as James Fitzsimons & Com-

pany, against Georgia L. Kane, Catherine Kane, and Frank Atkinson. From the decree entered, plaintiff appeals. Affirmed.

*Douglas, Barbour, Moll & Wing,* for plaintiff.

*Fleming, Baird & Morden* and *Frank W. Atkinson,* for defendants.

WIEST, J. This is a bill in equity, in aid of execution, to reach the interest of defendant Georgia L. Kane in certain real estate. Georgia L. Kane and Catherine Kane are sisters, of mature years, own a duplex apartment building as tenants in common, reside in one apartment and rent the other. Defendant Frank W. Atkinson holds a mortgage for $2,000 on Georgia L. Kane's undivided one-half interest, given for professional services of himself and an associate, and to pay charges of an accountant in a suit by a copartnership, of which plaintiff herein is the surviving member, wherein a money decree was rendered against Georgia L. Kane for $9,593.71, for collection of which the execution here involved was issued. In the circuit, decree was entered in the suit at bar allowing sale of the undivided one-half interest of Georgia L. Kane in the property, subject, however, to her homestead right and the Atkinson mortgage, the amount of which was reduced by consent, in open court, to $1,700. Plaintiff appealed and claims the mortgage should be set aside because given after judicial finding of the liability of the mortgagor and also for lack of proof showing consideration.

At the hearing Mr. Atkinson reduced the mortgage claim to $1,700, and that accounts for both sides not going into an issue of the consideration.

Testimony of Georgia L. Kane shows that the mortgage was given for services rendered by her attorneys and by an accountant, and, in the absence

of evidence to the contrary, plaintiff is in no position to now urge failure of consideration or to ask us to measure or limit compensation of the attorneys to actual time spent in court upon the hearing of the accounting suit.

At the time the mortgage was executed a decree had been pronounced and signed in the accounting suit, fixing Georgia L. Kane's liability and dissolving a temporary injunction restraining her from incumbering her property, but the decree was not filed until the day following the giving of the mortgage, and the execution was not issued until later. The injunction, having been dissolved by decree signed, did not impose restraint until the decree was filed. We think the mortgage valid, but limited in amount to $1,700 principal.

We find in the record the following statement of the attorney for plaintiff at the time the decree in the case at bar was signed:

"In this case, at the time of the hearing in court on the bill in aid of execution, the only issue before the court at that time was the interest of Georgia L. Kane in the property, and no question as to her homestead interest was raised by the pleadings. At the time the decree came on for settlement, the issue was raised as to the homestead interest, by defendant's counsel, and the court then decided to permit the defendant to make such amendment as would bring before the court the homestead interest, and said that he would dispose of the matter at that time. At the conclusion of the hearing on the original issue, it was agreed by defendant Frank Atkinson, to reduce the first mortgage by the sum of $300. If the record in any way shows that the plaintiff agreed to this arrangement, plaintiff did so on the theory that this settled the whole issue, and there would be no further controversy on the facts, but since the homestead issue was raised after that time,

in the event that we appeal, we do not want to be bound by anything that might show in the record on the other issue.''

We quote this for its bearing upon the state of the record relative to the consideration for the Atkinson mortgage and also upon the subject of homestead right of defendant Georgia L. Kane, which we will now take up.

Counsel for plaintiff contend:

''That said Georgia L. Kane, in not having asserted this claim in her pleadings, nor at the trial of said case, has waived the same, the bill having been filed in this case to determine what interest Georgia L. Kane had in said premises, subject to sale on execution.''

We think the latter part of this states the very reason why the circuit judge was bound to consider the homestead right, brought to his attention before decree. The bill in this case seeks to subject the land of Georgia L. Kane to sale under execution, and the proofs disclosed that she occupied the premises as her home. If the owner of property makes such property his home in fact it is his homestead, needs no formal declaration as such, and judgment creditors must recognize its character and respect its extent. See *Riggs* v. *Sterling,* 60 Mich. 643, 650 (1 Am. St. Rep. 554). The fact that she occupied the premises as her home constituted notice to plaintiff of the homestead character, and was evidence in and of itself of election to have homestead rights. *Riggs* v. *Sterling, supra.* Under a bill in aid of execution, the court has power and the duty to protect the homestead right, even if the subject-matter is not presented until the decree is being reduced to form. If there is a disputed question of fact bearing upon the question the creditor should ask for leave to reopen the proofs.

Counsel for plaintiff seem to be of the opinion that there can be no homestead right, except the one claiming the right has a family.

The Constitution of this State (Art. 14, § 2), secures to residents of the State homestead rights in property owned and occupied by them. The statute (3 Comp. Laws 1915, § 12888), of course, does the same thing. Homestead right in this State is not restricted to married men or heads of families as it is in many jurisdictions. If one, entitled to a homestead, has a wife or children, then certain statutory provisions intended to protect the family come into play.

"Where the exemption is given to 'residents' of the State without limitation, no family or dependents are necessary." 29 C. J. p. 801.

See, also, *Myers* v. *Ford,* 22 Wis. 139.

Georgia L. Kane, as a tenant in common, could claim right of homestead. A tenant in common may acquire a homestead. *Shepard* v. *Cross,* 33 Mich. 96; *Lozo* v. *Sutherland,* 38 Mich. 168; *Sherrid* v. *Southwick,* 43 Mich. 515; *Tharp* v. *Allen,* 46 Mich. 389; *Cleaver* v. *Bigelow,* 61 Mich. 47; *Kruger* v. *LeBlanc,* 75 Mich. 424; *King* v. *Welborn,* 83 Mich. 195 (9 L. R. A. 803). This is conceded by counsel for plaintiff, but it is insisted that the proof does not bring her claim within the purview of the homestead exemption. This is based on the claim that there can be no homestead exemption except there exist a family relationship. The premise is without support under the law of exemption in this State, so the point has no merit.

The decree is affirmed, with costs to defendants.

Fead, C. J., and North, Fellows, Clark, McDonald, Potter, and Sharpe, JJ., concurred.