RURAL AGRICULTURAL SCHOOL DISTRICT *v.* BLONDELL.

TAXATION—EXEMPTIONS—SCHOOLS AND SCHOOL DISTRICTS.

> Lands with buildings thereon obtained by school district by condemnation for future use for school purposes, but which were not so used at time property was assessed, but were let for private rental by school district, were not exempt from taxation under 1 Comp. Laws 1915, § 4001, re-enacted in Act No. 331, Pub. Acts 1919, Act No. 55, Pub. Acts 1925, and Act No. 118, Pub. Acts 1927, providing that lands and buildings thereon, owned by school districts, used for school purposes, should be exempt from taxation; tax lien having attached before Act No. 319, Pub. Acts 1927, exempting all property owned by school districts from taxation, became effective.

Error to Wayne; Webster (Clyde I.), J. Submitted June 17, 1930. (Docket No. 77, Calendar No. 34,760.) Decided October 3, 1930.

As to effect of using property of religious, charitable or educational institution in a secular business, or for revenue upon its right to exemption from taxation, see annotation in 50 L. R. A. (N. S.) 1197.

Assumpsit by Rural Agricultural School, District No. 1, Grosse Pointe township, Wayne county, Michigan, against Neal Blondell, treasurer of the village of Grosse Pointe, and the Village of Grosse Pointe to recover taxes paid under protest. From an order dismissing the suit, plaintiff brings error. Affirmed.

*William G. Fitzpatrick*, for plaintiff.

*Albert E. Meder* (*Beaumont, Smith & Harris* and *Joseph A. Vance, Jr.*, of counsel), for defendants.

WIEST, C. J. For many years, the statute relative to the assessment, levy, and collection of taxes has provided:

"The following real property shall be exempt from taxation: * * *

"Lands owned by any * * * school district and buildings thereon, used for public purposes." 1 Comp. Laws 1915, § 4001. Re-enacted in Act No. 331, Pub. Acts 1919, Act No. 55, Pub. Acts 1925, and Act No. 118, Pub. Acts 1927.

In 1925, plaintiff, by condemnation, obtained title to a tract of land in the defendant village, upon which were dwelling houses, intending to use the land for school purposes. At the time the suit at bar was brought the property had not been used for such purposes, and the dwelling houses thereon had been let for private residence purposes at substantial rentals. In 1927, the property was assessed for village taxes. Plaintiff asserted exemption under the statute, and, after levy of the tax, paid the same under protest, and brought this suit to recover the sum paid. Upon motion of defendants, the circuit court held the tax valid, and dismissed the suit.

The record does not disclose the date of the assessment, and we must assume, for the purpose of

the legal question involved, that the tax lien attached before Act No. 319, Acts 1927, which consolidated the school laws and exempted the property of school districts from taxation, became effective.

The exemption of property from taxation, made contingent upon use for public purposes, does not extend to a future intended use but is limited to present use.

The rule is stated in 2 Cooley on Taxation (4th Ed.), § 687:

"An intention to use property at some uncertain time in the future, for purposes which will render it exempt from taxation under the laws of the State, does not preclude its taxation before actually used for the purpose warranting an exemption. If the use determines the right to exemption, it is the present use and not the intended use in the future which governs."

The intent to use the property for school purposes does not meet the exemption condition of being presently used for public purposes.

The language of the statute is plain, and requires no construction or citation of authority.

In the companion case between these parties, involving taxation subsequent to 1927, and after Act No. 319, Pub. Acts 1927, became effective, we hold, in an opinion filed herewith (*Board of Education* v. *Blondell, post,* 528), that by virtue of such act the property was no longer subject to taxation.

The judgment is affirmed, with costs to defendants.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.