**In the Matter of Elijah DAVIS, Bankrupt.**

**In the Matter of Catherine DAVIS, Bankrupt.**

**Nos. 70467P, 70784B.**

United States District Court,
E. D. Michigan, S. D.

Aug. 2, 1971.

Stephen Shefman, Radner & Radner,
P. C., Southfield, Mich., for petitioner.

Alphonso F. Harper, Detroit, Mich.,
for respondents.

## OPINION

KENNEDY, District Judge.

The Michigan Bank, a creditor of both ELIJAH DAVIS and CATHERINE DAVIS, husband and wife, has petitioned for review of a decision by the Referee in Bankruptcy concerning the distribution of the estates of the above-named bankrupts. The facts underlying this dispute are stipulated by all parties, and are briefly summarized below.

ELIJAH DAVIS filed a voluntary petition in bankruptcy on February 25, 1970 and was discharged from his provable debts on June 29, 1970. His wife, CATHERINE DAVIS, similarly filed a voluntary petition in bankruptcy on March 25, 1970 and was discharged from her provable debts on October 29, 1970. The petition of each respondent disclosed that they held title, as tenants by entirety, to the following-described premises as of the dates they filed their respective petitions:

> Lot 37, Puritan Park Subdivision of the North ½ of the Northwest ¼ of the Southwest ¼ of Section 16, Town 1 South, Range 11 East, Greenfield Township, Wayne County, Michigan; according to the plat thereof as recorded in Liber 44, page 22, Plats, Wayne County Records.

Each respondent claimed and was allowed a homestead exemption in the said premises in the amount of $3,500, the maximum permissible under Michigan law.

At the time of the filing by respondents of their respective petitions in bankruptcy, the Michigan Bank was a joint and several creditor of respondents by virtue of a promissory note executed and delivered to it by respondents. This note had been reduced to judgment in a state court, and there was a balance due and owing petitioner bank from respondents on said judgment on the dates when their respective petitions in bankruptcy were filed.

Following the discharge of respondents, petitioner moved to reopen and consolidate the estates. It contended that respondents together were entitled to one and only one homestead exemption in the above-described property, to be apportioned in an appropriate manner. Respondents answered that the Constitution and statutes of the State of Michigan afforded each of them a homestead exemption in said premises in the amount of $3,500, and that creditors of the class to which petitioner belonged were not entitled to have this property administered in bankruptcy unless the value of the property exceeded the amount of all liens thereon by at least $7,000. The parties agreed, for the purposes of the hearing, that respondents would be deemed to have had, on the date of the filing of their respective petitions in bankruptcy, an interest in the property claimed as a homestead, in excess of all liens thereon, of at least $3,500, but less than $7,000.

The Referee in Bankruptcy reopened and consolidated the estates of respondents for purposes of administration. He determined that, as a matter of law, each respondent was entitled to a homestead exemption in the premises owned by them as tenants by entirety in the amount of $3,500. The entire interest of respondents in the premises not exceeding all liens thereon by more than $7,000, he ruled that the property was completely exempt from creditors' claims. It is this order which the Court is now asked to review.

The sole question presented to the Court, simply stated, is whether a husband and wife, owners of a homestead as tenants by the entirety, may, upon filing separate voluntary petitions in bankruptcy, each be allowed a homestead exemption in the maximum amount provided by law, or whether they are limited to a single homestead exemption.

Section 6 of the Bankruptcy Act, Title 11, United States Code, Section 24 (1966), provides, in relevant part:

This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or of the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State * * *.

Pursuant to this section, it has been recognized that where the law of the state in which the petitioner in bankruptcy is domiciled allows a homestead exemption to the debtor, the same exemption may be claimed and set apart to him or her in the bankruptcy proceeding. In re Banker, 182 F. 392 (6th Cir. 1910); In re Giles, 158 F. 596 (6th Cir. 1908). The Court must therefore look to the law of Michigan in determining the issue now before it.

As far as can be determined, the courts of Michigan have never had an opportunity to directly address themselves to this particular issue. The Court is thus faced with the task of ascertaining as best it can what result the highest court of the state would reach if presented with the question. In In re Michealson, 113 F.Supp. 929, 930 (D. Minn. 1953), aff'd, Michealson v. Elliott, 209 F.2d 625 (8th Cir. 1954), the court, confronted with a similar problem of interpretation, stated:

[T]he construction of the statute as to the character of the exemptions to be allowed the bankrupt is a matter of local law and while in the absence of a controlling state court decision this court is free to adopt its own construction, * * * it is properly to be guided by such decisions of the Minnesota Court as bear on the matter of the legislative purpose and intent in its enactment and the rules of interpretation to be applied thereto. (Citations omitted).

The homestead exemption is protected by both the Constitution and statutes of

the State of Michigan. Article X, Section 3 of the Michigan Constitution of 1963 provides:

> A homestead in the amount of not less than $3,500 and personal property of every resident of this state in the amount of not less than $750, as defined by law, shall be exempt from forced sale on execution or other process of any court. Such exemptions shall not extend to any lien thereon excluded from exemption by law. ·

Michigan Statutes Annotated § 27A.-6023 (Supp.1971) M.C.L.A. § 600.6023 states:

> (a) The following property shall be exempt from levy and sale under any execution:
>
> \* \* \* \* \* \*
>
> (8) A homestead of not exceeding 40 acres of land and the dwelling house and appurtenances thereon, and not included in any recorded town plat, city or village, or, instead, and at the option of the owner, a quantity of land not exceeding in amount 1 lot, being within a recorded town plat, city or village, and the dwelling house and appurtenances thereon, owned and occupied by any resident of this state, not exceeding in value $3,500.00.

██ A federal court interpreting a state statute without benefit of judicial precedent from that state is obligated to "apply the statute in a manner consonant with the literal meaning of its terms and in a manner to best effectuate its overriding purpose." Shircliff v. Elliott, 384 F.2d 947, 950 (6th Cir. 1967). The purpose of the constitutional provision and corresponding statute in question here was explained very early by Justice Campbell of the Michigan Supreme Court in Stanton v. Hitchcock, 64 Mich. 316, 319, 31 N.W. 395 (1887).[1]

The object of the Constitution is not ambiguous. It is to protect that dwelling which has been the actual home of the family from such disturbance as will make them lose its enjoyment. It is confined, by its language, to the property actually occupied as a homestead by a resident of Michigan; and, if the owner has a family, it is the actual home of that family which is protected from seizure by creditors.

It is therefore clear that the homestead exemption, unknown at common law, was created to safeguard "the actual home of the family" from the claims of creditors. A more recent opinion affirmed this view, stating, "The constitutional homestead exemption \* \* \* was to preserve the home for the family, even at the sacrifice of the just demands of creditors, for the reason the preservation of the home was regarded as of paramount importance." Kleinert v. Lefkowitz, 271 Mich. 79, 86, 259 N.W. 871, 873 (1935). See also, Riggs v. Sterling, 60 Mich. 643, 648–649, 27 N.W. 705, 707–09 (1886).

In Kruger v. Le Blanc, 75 Mich. 424, 42 N.W. 853 (1889), Mrs. Kruger, seeking to protect a farm on which she lived with her husband from judgment creditors, claimed a homestead exemption in the farm. The creditors contended that a married woman, living with her husband in his house, cannot be the householder and could not, therefore, claim a homestead exemption. This argument was rejected by the Supreme Court of Michigan, however, which considered the question of who was the actual householder to be immaterial. The court stated, "The homestead is for the benefit of the family. The wife is as much interested in it as the husband." 75 Mich. at 430, 42 N.W. at 855. While noting that "this family can have but one homestead," 75 Mich. at 430, 42 N.W. at 855, the court ruled that, absent any

---

1. Although Justice Campbell was discussing Article XVI, Section 2 of the Michigan Constitution of 1850, except for a raise in the amount of the exemption and slight variations in form, that section is nearly identical to the constitutional and statutory provisions relating to homestead exemptions now in force.

prior statutory selection of a homestead by either husband or wife, and without any protest or denial by the husband, the wife was entitled to the homestead exemption. The obvious negative inference which may be drawn is that if the husband had made a prior statutory selection of a homestead or had validly protested or denied his wife's claim, the wife would not be entitled to the exemption. While either the husband or the wife could claim the homestead exemption, there was only one such exemption available to them as a family.

In McCaslin v. Schouten, 294 Mich. 180, 190, 292 N.W. 696, 700 (1940), where a judgment creditor brought suit to establish a junior lien on property owned by a debtor and his wife as tenants by entirety but subject to a mortgage, the state supreme court responded to the debtors' fears that their homestead rights were threatened as follows:

> There is no occasion for specific determination of the homestead rights of the Schoutens in the property here involved. It is true that their homestead rights therein must be protected; but *their homestead is embodied in their entireties property*, and under the undisputed evidence their equity in the entireties property is in excess of $1,500, the maximum value of a homestead exemption. Constitution [of 1908], Art. XIV, § 2. (Emphasis supplied.).

Relying heavily on its earlier decision in *McCaslin*, the Michigan Supreme Court in Dunn v. Minnema, 323 Mich. 687, 36 N.W.2d 182 (1949), held that a trustee in bankruptcy, pursuant to the fraudulent conveyance statute, was permitted to reach all interest of tenants by entirety in real estate in excess of the homestead exemption. The court stated, 323 Mich. at 695, 36 N.W.2d at 185:

> Defendants further contend that relief should be denied because the property in question is their homestead. The amount of the homestead exemption, as fixed by article 14, section 2, of the

(1908) State Constitution (as amended at the general April election in 1943) is $2,500. If the property in question is subjected to the lien claimed by plaintiff, the value of the interest of the defendants will still remain substantially in excess of the amount of the constitutional exemption. The granting of the relief sought would not, therefore, operate to deprive defendants of their homestead right. They are not, for reasons too obvious to require discussion, entitled to claim a homestead exemption to the full extent of the value of the property. The holding of this court in *McCaslin v. Schouten*, supra, fully covers defendants' claims in this regard.

Again, the inference to be drawn from the language of *McCaslin* and *Dunn* is that a husband and wife, owners of homestead property as tenants by entirety, are entitled to one and only one homestead exemption in the amount of the constitutional maximum. The court speaks of "their homestead right", not rights.

Dutiful consideration of these decisions of the highest court of Michigan leads this Court to conclude that the overriding purpose of the homestead exemption is to protect the family as a whole rather than the separate members as individuals. While either the husband or wife, and even minor children in some circumstances, Gerber v. Upton, 123 Mich. 605, 82 N.W. 363 (1900), may claim the exemption, no two or more of them may make such claim simultaneously, ———— "[The] family can have but one homestead." Kruger v. Le Blanc, supra.

■ Respondents contend that the reference to "residents" in both the constitutional and statutory provisions governing homestead exemptions in Michigan indicates that the exemption is a personal and independent right which may be claimed by every resident of the state. A careful reading of those provisions, however, does not support that contention.

Article X, Section 3 of the Michigan Constitution of 1963 states, in part:

A homestead in the amount of not less than $3,500 and personal property of every resident of this state in the amount of not less than $750, as defined by law, shall be exempt from forced sale or execution or other process of any court.

In their brief, respondents quote Article X, Section 3, selectively as follows: " ' A homestead in the amount of not less than $3,500 * * * of every resident of this state * * * shall be exempt from forced sale on execution or other process of any court." In order to reach this reading respondents have deleted the beginning and end of the second clause of Section 3, while retaining the qualifying phrase of that same clause. It is the opinion of the Court, however, that this is a most strained reading of the provision and runs contrary to established grammatical rules. The phrase "of every resident," appearing as it does between the subject of the personal property exemption and the amount of that exemption, does not refer back to and enlarge or modify the homestead exemption.

In language since oft-quoted by the courts of Michigan, see People v. Board of State Canvassers, 323 Mich. 523, 529, 35 N.W.2d 669, 671, (1949); Attorney General v. State Board of Assessors. 143 Mich. 73, 76, 106 N.W. 698, 699 (1906); American Youth Foundation v. Township of Benona, 8 Mich.App. 521, 529, 154 N.W.2d 554, 558 (1967), Cooley asserted in his treatise on Constitutional Limitations (5th ed.) 69–70:

[T]he first resort, in all cases where a constitutional provision is to be interpreted, is to the natural signification of the words employed in the order and grammatical arrangement in which the framers of the instrument have placed them; and, if thus regarded, the words used convey a definite meaning, which involves no absurdity and no contradiction between different parts of the same

writing, then the meaning apparent on the face of the instrument is the one which alone we are at liberty to say was intended to be conveyed. In such cases there is no room for construction.

With these sound principles of construction in mind, it may be concluded that Section 3 was intended to create two separate and distinct exemptions from forced sales, execution or other process of any court. The first is a homestead exemption in an amount not less than $3,500; the second is an exemption of personal property of every resident of the state in the amount of not less than $750. Section 3, therefore, does not support respondents' claim of two homestead exemptions in the same property.

The statutory provision relating to exemptions neither supports nor refutes respondents' contention. Michigan Statutes Annotated § 27A.6023 (Supp. 1971) M.C.L.A. § 600.6023 merely provides that property constituting a homestead as therein defined, "owned and occupied by an resident of this state," not exceeding $3,500 in value, shall be exempt from levy and sale under any execution. The reference to residents merely defines the class who may claim the exemption, thus excluding a resident of a foreign state from claiming a homestead exemption under the Michigan Constitution or statutes. See Leonetti v. Tolton, 264 Mich. 618, 250 N.W. 512 (1933). The word "resident" was also used to indicate that the claimant need not have a family or dependents in order to qualify for the homestead exemption. Fitzsimons v. Kane, 245 Mich. 246, 251, 222 N.W. 111, 112 (1928). Even the most liberal interpretation of the statute would not support respondents' claim of a double exemption in the homestead property.

The Court therefore holds that the ruling of the Referee in Bankruptcy that both · ELIJAH and CATHERINE DAVIS were each entitled to claim a homestead exemption in the amount of the statutory maximum was in error and

must be reversed. Whether the exemption must be apportioned between the husband and wife or whether the entire exemption is afforded the spouse first claiming it is a question not now before the Court and will have to be answered upon the remand of these proceedings.

The decision of the Referee in Bankruptcy is reversed and this cause is remanded for further proceedings in accordance with this opinion.