Samuel FELDMAN and Nettie Feldman,
Plaintiffs,

v.

Thomas F. HANLEY et al., Defendants.

Julius SHERMAN et al., Plaintiffs,

v.

Thomas F. HANLEY et al.,
Defendants.

Ralph TAWIL and Meyer Tawil,
Plaintiffs,

v.

Thomas F. HANLEY et al.,
Defendants.

Nos. 69 Civ. 772, 69 Civ. 1262 and
69 Civ. 1840.

United States District Court,
S. D. New York.

March 14, 1973.

Dale A. Schreiber, New York City, for plaintiffs Julius Sherman, Kenneth and William L. Silver.

Samuel Weinstein, New York City, for plaintiffs Ralph and Meyer Tawil.

Valincenti, Leighton, Reid & Pine, New York City, for defendant George F. Scanlon.

Mudge, Rose Guthrie & Alexander, New York City, for defendants Blair & Co., Inc., Frederick Kalkstein and Martin Kalkstein.

Willkie, Farr & Gallagher, New York City, for defendants Joseph C. Brennan and William H. Walters.

Rogers, Hoge & Hills, New York City, for defendant Arthur J. Gordon.

Walsh & Frisch, New York City, for defendants Robert M. Carrao, John J. Hefferon and Henry DiRusso.

Breed, Abbott & Morgan, New York City, for defendants Arthur J. Durante, Ralph E. Hendee, Alex P. Herrington, William R. McKillip, Burton C. Polglase, Fred K. Powell, John F. Power, Vincent F. Regan, Richard F. V. Stanton.

Jack J. Fischer, New York City, for defendant Thomas F. Hanley.

Cahill Gordon, Sonnett, Reindel & Ohl, New York City, for Lybrand, Ross Bros. & Montgomery.

## OPINION

TENNEY, District Judge.

The instant case is composed of three actions—Feldman v. Hanley, 69 Civ. 772; Sherman v. Hanley, 69 Civ. 1262; and Tawil v. Hanley, 69 Civ. 1840—consolidated by order of Hon. Morris E. Lasker on November 10, 1969, 49 F.R.D. 48. The three separate amended complaints (no consolidated complaint has been filed) generally allege violations of § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) (1970)) and Rule 10b–5 thereunder (17 C.F.R. § 240.10b–5 (1971)) by defendants R. Hoe & Co. (hereinafter "Hoe"),[1] its officers and directors, and Lybrand, Ross Bros. and Montgomery (hereinafter "Lybrand"), certified public accountants. Jurisdiction is founded upon § 27 of the Act (15 U.S.C. § 78aa (1970)) and principles of pendent jurisdiction. The case presently is before this Court on plaintiffs' motion for class determination pursuant to Fed.R.Civ.P. 23(b)(3).

### Background

The crux of each of the complaints is that Hoe's audited financial statements for the fiscal year ending September 30, 1967, and its unaudited interim earnings reports for the first three quarters of fiscal 1968 were materially false and misleading in that they contained misrepresentations and omissions which affected the net asset picture of Hoe and its income for the periods involved, reflected improper methods of accounting,

1. By order dated July 9, 1969, Hon. Sylvester J. Ryan granted Hoe's petition for reorganization under Chapter X of the Bankruptcy Act, thereby staying in all respects the prosecution of these three actions as against defendant Hoe. Therefore, plaintiffs move for class determination as against all defendants except Hoe.

and created a spurious picture of profitability, and that the various named plaintiffs and members of the classes they purport to represent relied thereon to their detriment.

The four Hoe financial statements referred to in the complaints are as follows:

—Hoe's audited financial statements for the fiscal year ended September 30, 1967, issued January 9, 1968;

—Hoe's unaudited interim earnings statement for the quarter ended December 31, 1967, issued February 5, 1968;

—Hoe's unaudited interim earnings statement for the six months ended March 31, 1968, issued May 14, 1968; and

—Hoe's unaudited interim earnings statement for the nine months ended June 30, 1968, issued August 20, 1968.

All three complaints allege additionally that on or before September 30, 1968, the close of defendant Hoe's fiscal year, defendants, including Lybrand, began to close the entries on the books of account of Hoe and commence an audit of its books to prepare the year-end Balance Sheet and Statement of Operations. During the course of such work, plaintiffs allege that defendants became aware, or should have become aware, that the Hoe 1968 interim unaudited statements were false.

The *Feldman* and *Sherman* actions are brought on behalf of Common and Class A shareholders of Hoe, but in fact no named plaintiff in either action is a Class A shareholder. The *Tawil* action appears to be brought only on behalf of Hoe's Common shareholders.

The named plaintiffs in the *Feldman* and *Tawil* actions allege that they purchased their Hoe shares on December 17, 1968, after the issuance of the four relevant financial statements, and in reliance thereon. (Feldman Compl. ¶ 20; *Tawil* Compl. ¶ 18.) The *Sherman* complaint does not allege when the named plaintiffs purchased their Hoe stock, but the implication from the papers in support of the motion is that they purchased before the issuance of the four financial statements.

The *Feldman* plaintiffs evidently still hold their shares while the *Tawil* plaintiffs sold theirs on April 7, 1969. (*Tawil* Compl. ¶ 21.) Although it does not appear in the complaint, counsel for the *Sherman* plaintiffs indicates in his brief that these plaintiffs sold their Hoe stock at some later unspecified date.

Of the three complaints, only the *Sherman* complaint raises, in addition to the issue of fraudulent financial statements, the issue of insider trading. Specifically, the complaint alleges that directors Gordon and Hanley or members of their families sold Hoe shares in the fall of 1968 while having knowledge of the actual results of Hoe's operations for the 1968 fiscal year and withholding such knowledge from plaintiffs. Additionally, the *Sherman* complaint names Blair & Co., a brokerage firm, and Frederick and Martin Kalkstein (Blair employees) as defendants. As to these defendants, the claim is that prior to the issuance by Hoe of a press release on January 23, 1969, stating that its earnings for the fiscal year ending September 30, 1968, would not significantly exceed income previously reported in its unaudited nine-month earnings statement and might be somewhat less than such amount, said defendants obtained knowledge of these circumstances and, notwithstanding such knowledge, sold off their own holdings of Hoe stock while urging their customers to purchase Hoe stock. The *Sherman* complaint also alleges that these defendants passed this knowledge on to other unnamed brokerage houses.

*Class Action Motion*

Plaintiffs in the three consolidated actions seek to represent:

"all those persons who purchased or continued to hold Hoe securities, both Class A and Common, after January 21, 1968, in reliance on the September 30, 1967 statement, any of the subsequent interim quarterly statements, the year-end September 30, 1968 statement, the December 31, 1968 quarterly statement, and through the date of the final suspension of trading on July 3, 1969, or any of said statements, and on the market climate created thereby, and who either still hold or sold their shares at a loss." (Pls.' affid. in support of motion ¶ 46.)

■■ Since it is axiomatic that one cannot represent a class of which he is not a member (3B Moore, Fed.Prac. ¶ 23.04, at 23–254 (2d ed. 1969)), it is clear from the outset that the proposed class is overbroad in that it includes subclasses of persons not represented by the named plaintiffs in any of the three actions. These unrepresented subclasses are as follows: (1) Class A shareholders; (2) those who purchased or retained their Hoe shares in reliance on the "market climate" created by the four financial statements in issue, rather than in reliance on the statements themselves; (3) those who purchased their shares prior to January 9, 1968, the date of issuance of the September 30, 1967, year-end financial statement, and still retain their shares (as opposed to those who allegedly retained in reliance and thereafter sold their shares); and (4) those who purchased their shares after on or about January 24, 1969, when trading in Hoe shares was first suspended, in reliance upon any Hoe financial statements for the fiscal year beginning October 1, 1968.

■■ Secondly, the proposed class is too broad in that it includes those who do not have standing to assert a cause of action under 10b–5, *i.e.*, those who "continued to hold Hoe securities" in reliance upon the financial statements in issue. These mere "holders in reliance", represented by the *Sherman* plaintiffs, are not purchasers or sellers under the rule set forth in Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir.), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L. Ed. 1356 (1952), recently reaffirmed by the Second Circuit in Drachman v. Harvey, 453 F.2d 722, 738 (2d Cir. 1972), and thus cannot be included in the class. *See, e.g.*, Greenstein v. Paul, 400 F.2d 580 (2d Cir. 1968); Shulof v. Merrill Lynch, Pierce, Fenner & Smith, Inc., [1970–1971 Transfer Binder] CCH Fed.Sec.L.Rep. ¶ 93,147, at 91, 132 (S.D. N.Y., 1971).

In view of the foregoing, plaintiffs' motion for class determination is granted only to the extent that the class will include the following:

All those persons who purchased R. Hoe & Co. Common Stock after January 9, 1968, in reliance on the September 30, 1967, audited financial statement and/or the three subsequent unaudited interim quarterly statements referred to in the complaints and who either still hold their shares or sold them at a loss.

This definition of the class satisfies the four prerequisites of numerosity, common questions of law or fact, typical claims or defenses, and representative parties of Fed.R.Civ.P. 23(a). The predominance of common questions of, for example, whether the financial statements in question were materially false and misleading and/or were executed in accordance with generally acceptable accounting principles, will make a class action the superior method of adjudicating the controversy for the class as defined by this Court.

*The Sherman Complaint*

■ As mentioned *supra*, the *Sherman* complaint raises, in addition to its 10b–5 claim with regard to the four fi-

nancial statements in issue, additional claims of insider trading against (1) Hoe directors Gordon and Hanley or members of their families and (2) the Kalksteins, as employees of Blair & Co. Just as the *Sherman* plaintiffs were excluded from the class because, being neither purchasers nor sellers of securities, they fail to allege a 10b–5 cause of action with regard to the four Hoe financial statements, so, too, do they fail to allege a 10b–5 cause of action against the Hoe directors and the Kalksteins. The Hoe directors and Kalksteins, as alleged insiders trading with material inside information, owed a duty to disclose that information to the trading public. Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 353 F.Supp. 264 (S.D. N.Y., 1972). Since the *Sherman* plaintiffs were non-traders, the insiders owed *them* no duty to disclose and thus cannot be liable to them under Rule 10b–5.

Plaintiffs attempt to argue that because they *eventually* sold their Hoe stock at a loss, the alleged fraud was "in connection with the purchase or sale of any security" as required by Rule 10b‑5, relying on Stockwell v. Reynolds & Co., 252 F.Supp. 215 (S.D.N.Y.1965). This Court disagrees. The *Stockwell* complaint alleged that the plaintiffs had told the defendant brokers in September 1963 that they wished to sell certain shares of stock, but were induced to defer their sale by the fraudulent misrepresentations of defendants, with the result that plaintiffs ultimately sold their shares several months later at a greater loss. In contrast, nowhere does the *Sherman* complaint allege that these plaintiffs ever intended to sell their Hoe shares at an earlier date and that they were induced to retain their shares by the fraud of the defendants. Under these circumstances, the nexus between the alleged fraud and the later sale is tenuous indeed. Carried to its logical conclusion, the *Sherman* plaintiffs' argument would nullify the *Birnbaum* rule and give every shareholder of any corpo-

ration accused of fraud a cause of action under Rule 10b–5 simply by virtue of his status as a shareholder. The rule of law has yet to be extended so far and will not be so extended by this Court. Accordingly, the *Sherman* complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Shulof v. Merrill Lynch, Pierce, Fenner & Smith, Inc., *supra*.

Therefore, and for the foregoing reasons, plaintiffs' motion for class determination pursuant to Fed.R.Civ.P. 23(b)(3) is granted to the extent indicated, and the *Sherman* action, 69 Civ. 1262, is dismissed *sua sponte* for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

Settle order in accordance herewith on five (5) days' notice.