## CYRUS H. PIERCE *v.* A. S. KUSIC.

### *Homestead.   Housekeeper.*

Under the homestead act a widower with no family but himself and a servant may be a *housekeeper;* and if he owns and occupies with his servant a dwelling-house not exceeding $500 in value, it is exempt.

EJECTMENT. Trial by court, March Term, 1883, Washington County, REDFIELD, J., presiding. Judgment for the defendant.

It was agreed that the premises sued for are a dwelling-house and lot in the village of Northfield; that one Perry Marsh purchased them in 1869; that his family consisted of himself and his wife; and that they occupied the premises as a homestead until her decease in September, 1876. It was also agreed that after the death of his wife, the said, Marsh and the defendant as his hired woman occupied the premises as a homestead until his death in February, 1882, and that the defendant has occupied them since; that the premises were not worth over $500; that, on the 10th day of August, 1877, they were set off on an execution in favor of the plaintiff against said Marsh, and that they were not redeemed; that the said Marsh, for a valuable consideration, sold and deeded the premises to the defendant, April 6th, 1881, she knowing of the levy of the execution; and that said Marsh had no minor children at the time of the set-off.

*G. M. Fisk,* for the plaintiff.

The only question in this case is, can a widower, without minor children and no family but a servant to do his work, hold a homestead exempt from attachment, levy and set-off on execution during his lifetime, and his heirs after his decease, provided that all the forms of the statute are complied with in the attachment, judgment, levy and set-off, and the time of redemption having expired during the lifetime of said widower? The premises were attachable. *Whiteman* v. *Field,* 53 Vt. 554; *Woodworth* v. *Comstock,* 10 Allen, 425; *Moore* v. *Granger,* 30 Ark. 574; *Allen* v. *Cook,* 26 Barb. 374; *Easton* v. *Ryan,* 5 Neb. 47.

*Jas. N. Johnson,* for the defendant.

The opinion of the court was delivered by

ROWELL, J. The Homestead Act provides that "the homestead of a housekeeper or head of a family, consisting of a dwelling-house, out-buildings, and the land used in connection therewith, not exceeding five hundred dollars in value, and used

Pierce *v.* Kusic.

or kept by such housekeeper or head of a family as a homestead, shall　*　*　*　be exempt from attachment and execution, except," etc.　R. L. s. 1894.

Perry Marsh was a *housekeeper*, and used the demanded premises as a homestead, which in character and value fulfilled all the requirements of the statute, and the case comes not within its exception.

*Therefore* said premises were *exempt* from attachment and execution.

· Let the judgment be affirmed.