E. W. HYSER *v.* W. H. MANSFIELD ET AL.

October Term, 1899.

Present : TAFT, C. J., ROWELL, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed December 4, 1899.

*Head of family*—An unmarried man without children may be the head of a family and a housekeeper.

*Homestead*—The orator, an unmarried man, having bought, improved and kept, a piece of land, with a building thereon, with the intention of making a dwelling for himself and mother, such preparations and intention made it a homestead.

*Execution sale of homestead enjoined*—A threatened sale on execution of a
    homestead will be enjoined.  A completed levy would be a cloud upon
    the title, and equity will prevent as well as remove a cloud.

BILL IN CHANCERY to enjoin the defendants from selling on
execution real estate of the orator claimed by him as a home-
stead.  Heard on pleadings and the report of a special master,
Orange County, December Term, 1898, *Tyler*, Chancellor.
Decree in accordance with the prayer of the bill.  The defendants
appealed.

The defendants Mansfield and Sherwin recovered separate
judgments against the orator, upon which executions were issued
which they put into the hands of the defendant Parish as deputy
sheriff.  Parish served the same upon the claimed homestead,
and gave notice of a day fixed upon which he would sell the
same at public auction to satisfy said executions.  Thereupon
this bill was brought and a temporary injunction granted.

*J. D. Denison* for the orator.

*B. A. Hunt* for defendants.

MUNSON, J.   The orator, an unmarried man without children,
living with his mother in hired rooms and contributing to the
expense, bought a piece of land upon which there was an old
shop, and from time to time, as his other work permitted, made
the changes necessary to convert the shop into a dwelling.
Before these repairs were completed the defendants attached the
property ; and after this attachment the orator and his mother
moved into the building, where they have since kept house.
The master finds that the orator bought and improved and kept
the property with the intention of making a dwelling for himself
and his mother; and that at and ever after the time of the
attachment he was the housekeeper or head of the family, if an
unmarried man without children can be such in law.

The orator could acquire a homestead, for an unmarried man
without children can be the head of a family and a housekeeper.
*Pierce* v. *Cusic*, 56 Vt. 418.   The orator's intention and prepara-

tions regarding the property which the defendants propose to sell were sufficient to make it a homestead. *West River Bank* v. *Gale*, 42 Vt. 27; *Rice* v. *Rudd*, 57 Vt. 6; *Woodbury* v. *Warren*, 67 Vt. 251. The orator is entitled to have the threatened sale enjoined. A completed levy would be a cloud upon his title; for the invalidity of the levy would not appear from an inspection of the record, and could be established only by proof of extrinsic facts. 3 Pom. Eq. Jur. sec. 1399; 6 A. & E. Ency. Law, 2d. Ed. 149. He has no remedy at law, for his possession of the property precludes the bringing of ejectment. 6 A. & E. Ency. Law, 2d. Ed. 159. He has not proceeded prematurely, for equity will prevent as well as remove a cloud. 6 A. & E. Ency. Law, 2d. Ed. 159; 3 Pom. Eq. Jur. sec. 1398, note.

*Decree affirmed and cause remanded.*