Benjamin E. FIELDS, Plaintiff,

v.

Louis E. WOLFSON et al., Defendants.

Henry ARONSTEIN et al., Plaintiffs,

v.

Elkin B. GERBERT et al., Defendants.

Edward GORDON, Plaintiff,

v.

Elkin B. GERBERT et al., Defendants.

Nos. 66 Civ. 3068, 66 Civ. 3494,
66 Civ. 3348.

United States District Court
S. D. New York.

Jan. 25, 1967.

Pomerantz Levy Haudek & Block, New York City, for plaintiff Benjamin E. Fields.

Weinstein & Levinson, New York City, for plaintiffs Henry Aronstein, and others.

Irving Steinman, New York City, for plaintiff Edward Gordon.

Shea, Gallop, Climenko & Gould, New York City, for defendants Rothschild, Gerbert, Louis E. Wolfson and Continental in Action No. 1, defendants Gerbert, Rothschild, Cecil Wolfson, Saul Wolfson, Continental and Sherman in Action No. 2, and all defendants in Action No. 3.

MANSFIELD, District Judge.

Three separate class actions have been commenced by different stockholders of Continental Enterprises, Inc. ("Continental" herein) on behalf of themselves and all other stockholders against its officers and directors. Each complaint asserts the same claims, charging use of manipulative and deceptive devices, practices, contrivances and publicity to raise the market price of the company's stock artificially, in violation of the Securities Exchange Act of 1934, the Securities Act of 1933, and SEC rules and regulations

promulgated thereunder. Defendants have moved pursuant to Rule 42(a), F.R. Civ.P. for an order (1) consolidating the actions for all purposes; (2) appointing a general counsel for the plaintiffs; and (3) staying further actions based on the same transactions.

This Court's discretionary power to grant such relief has been recognized. MacAlister v. Guterma, 263 F.2d 65 (2d Cir. 1958). The circumstances, as outlined in the pleadings and affidavits of counsel, demonstrate beyond question that this is an appropriate case for the Court's exercise of its power to consolidate the actions. The claims asserted by each of the plaintiffs are substantially identical, being based on the same facts and circumstances and asserted against the same defendants. It is anticipated that the issues presented for trial will be identical. The consolidation, therefore, would serve the purpose of avoiding needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself. It would also enable the proceedings to be expedited and make for economy and convenience generally in the administration of the litigation. In fact serious prejudice could result to the parties from a failure to consolidate.

The salutary objectives of consolidation would also be served in the present case by entry of an order staying further similar suits by Continental stockholders based on the transactions alleged in the three actions already instituted. A total of more than 30 stockholders owning in excess of 100,000 shares are already parties-plaintiff in the pending actions, including intervenors. They are represented by able and outstanding counsel, well-known for their extensive experience and expertise in the field. The present actions may therefore be truly characterized as class suits in which the interests of all Continental stockholders should receive adequate representation. Any further suits, which would undoubt-edly involve identical complaints and additional successive consolidation orders, would serve no useful purpose, but on the contrary could involve administrative delay and confusion.

The consolidation would result in limiting the legal representation of the plaintiffs in the consolidated action to the three firms presently representing their respective parties-plaintiff. Two of these firms (Messrs. Weinstein and Steinman) are opposed to the appointment of a general counsel. In view of this opposition and the fact that the number of counsel will be so limited, there does not appear to be any necessity for the appointment of a general counsel in the consolidated proceeding, at least at this stage. All three counsel (Messrs. Pomerantz, Steinman and Weinstein), being so experienced in this type of litigation, may be expected to coordinate the conduct of the proceedings in a manner that will avoid unnecessary duplication. Under the circumstances the application for appointment of a general counsel is denied, without prejudice to renewal if, in the course of pretrial or trial, circumstances develop that indicate the desirability or necessity for such an appointment.

Settle order.