**48**

Samuel **FELDMAN** and Nettie Feldman,
Plaintiffs,

v.

Thomas F. **HANLEY** et al., Defendants.

Julius **SHERMAN**, Kenneth Silver, and
William Louis Silver, Plaintiffs,

v.

Thomas F. **HANLEY** et al., Defendants.

Ralph **TAWIL** and Meyer Tawil,
Plaintiffs,

v.

Thomas F. **HANLEY** et al., Defendants.

Nos. 69 Civ. 772, 1262 and 1840.

United States District Court
S. D. New York,
Civil Division.

Oct. 20, 1969.

Leibowitt, Milberg, Weiss & Fox, New York City, for plaintiffs Samuel Feldman and Nettie Feldman.

Dale A. Schreiber, White Plains, N. Y., for plaintiffs Julius Sherman, Kenneth Silver and William Louis Silver.

Samuel Weinstein, New York City, for plaintiffs Ralph Tawil and Meyer Tawil.

Jack J. Fischer, New York City, for defendant Thomas F. Hanley.

Willkie, Farr & Gallagher, New York City, for defendants Joseph C. Brennan and William H. Walters.

Rogers, Hoge & Hills, New York City, for defendant Arthur J. Gordon.

Walsh & Frisch, New York City, for defendants Robert M. Corrao, John J. Hefferon and Henry DiRusso.

Breed, Abbott & Morgan, New York City, for defendants Arthur J. Durante, Ralph E. Hendee, Alex P. Herrington, William R. McKillip, Burton C. Polglase, Fred K. Powell, Jr., John F. Power, Vincent F. Regan and Richard F. V. Stanton.

Valincenti, Leighton, Reid & Pine, New York City, for defendant George F. Scanlon.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant Lybrand, Ross Bros. & Montgomery.

Sullivan & Cromwell, New York City, for defendant R. Hoe & Co., Inc.

Mudge, Rose, Guthrie & Alexander, New York City, for defendants Blair & Co., Inc., Frederick Kalkstein and Martin Kalkstein.

LASKER, District Judge.

The three above-entitled class actions have been commenced by different stockholders of R. Hoe & Co. ("Hoe") on behalf of themselves and all other stockholders. The defendants in each of these actions are Hoe, its officers and directors, and the accounting firm employed by Hoe (Lybrand, Ross Bros. & Montgomery). In addition, the plaintiffs in the *Sherman* action have named as defendants Blair & Co., Inc. ("Blair"), a broker-dealer, and Frederick and Martin Kalkstein, two of its registered representatives.

Pursuant to Rule 42(a), F.R.Civ.P., defendant Lybrand has moved for an order to consolidate the three actions and to appoint a general counsel for the consolidated action on behalf of all the plaintiffs.

Rule 42(a) reads:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The pleadings and affidavits of counsel demonstrate beyond doubt that this is an appropriate case for consolidation. The gravamen of all three complaints, and the principal issue of law and fact in each of them, are identical: the alleged publication by Hoe of its Annual Report for the fiscal year ended September 30, 1967, and interim financial statements thereafter, all of which are claimed to have contained false and misleading statements of material facts as to Hoe's financial status and operations, in violation of 15 U.S.C. § 78a et seq. (the Securities Exchange Act of 1934) and rules issued pursuant to it, particularly Rule 10b-5. Each complaint contends that Hoe understated its tax liabilities and operating costs, while overstating its sales revenues and cash position. All three complaints seek similar relief—the award of damages and attorneys' fees to plaintiffs and members of the class.

Of the three groups of plaintiffs, only counsel for the *Sherman* stockholders opposes Lybrand's motion, and even these plaintiffs would approve of consolidation so long as their attorney were appointed general counsel.

Defendant Hoe filed an affidavit and memorandum in support of the motion, but subsequently Judge Ryan of this court granted Hoe's petition under Chapter X of the Bankruptcy Act and at the same time stayed all the actions pending against it. Hence, the defendants who remain affected by this motion are the individual officers and directors of Hoe, and also Blair and the Kalksteins. Of these eight separately-repre-

sented groups of defendants, only Blair and the Kalksteins oppose consolidation. Their opposition rests upon three contentions: first, that they would be prejudiced because the complaint against them merely alleges that, despite receiving knowledge of the allegedly inaccurate financial statements, they urged customers to purchase Hoe shares and at the same time sold off their own positions, whereas the other defendants are accused directly of preparing and releasing the disputed financial statements; second, that the *Sherman* plaintiffs would be unable to focus directly and singularly upon discovery of documents in their possession; and third, that it is doubtful that a class could be defined with respect to them, because none of the plaintiffs in any of the actions are their customers.

None of these objections is weighty enough to render consolidation of the cases inappropriate. Blair's liability, if any, is intimately related to the transactions involving the other defendants. Indeed, the *Sherman* complaint against Blair and the Kalksteins names all the defendants of the other cases as co-defendants. Nor will the *Sherman* plaintiffs necessarily be hampered in their discovery efforts. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–497, 53 S.Ct. 721, 727, 77 L.Ed. 1331 (1933). Finally, should the distinctive nature of the claim against Blair and the Kalksteins require any special treatment, such treatment can be easily afforded under the provisions of Rule 23, and particularly Rule 23(c) (4), F.R. Civ.P.

The court's discretionary power to grant Lybrand's requested relief, both as to consolidation and the appointment of lead counsel, is firmly recognized. MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir., 1958, opinion of Judge Kaufman). There the court observed that the "purpose of consolidation is to permit trial convenience and economy in administration." That purpose would be served by consolidation here. As the court stated in Fields v. Wolfson et al., 41 F.R.D. 329, 330 (S.D.N.Y.1967, opinion of Judge Mansfield):

> "The consolidation * * * would serve the purpose of avoiding needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself. It would also enable the proceedings to be expedited and make for economy and convenience generally in the administration of the litigation."

See also Gerber Products Co. v. Beech-Nut Life Savers, Inc., 25 Fed.Rules Serv. 42a.1 (S.D.N.Y., 1958, opinion of Judge Weinfeld).

Consolidation becomes even more appropriate here in light of the fact that, subsequent to the filing of this motion, a fourth stockholders' class action (McEnaney v. Hoe, # 4097) was transferred to this court from the District Court of Rhode Island by Chief Judge Day. Counsel for movant Lybrand has informed the court that it intends to move for consolidation of the *McEnaney* action. Yet another action (Selzer v. Stanton, 69 Civ. 2332), also arising out of the same background as the instant cases, has been instituted in this district, although the *Selzer* action purports to be a stockholders' derivative suit. In making these observations, of course, no holding is made as to whether the *McEnaney* and *Selzer* cases will prove to be proper subjects for consolidation. That matter is not *sub judice* at the moment.

* * *

The firm of Leibowitt, Milberg, Weiss & Fox, attorneys for the plaintiffs in the *Feldman* action, support consolidation and seek to have Lawrence Milberg, Esq., of that firm appointed lead coun-

sel. Samuel Weinstein, Esq., counsel for the plaintiffs in the *Tawil* action, also supports consolidation, and favors the appointment of Mr. Milberg as lead counsel. However, counsel for the *Sherman* plaintiffs strenuously contend that unless they are appointed general counsel, no one should be so designated. They assert that counsel for the other plaintiffs would fail to provide adequate representation for the *Sherman* stockholders, and that therefore the *Sherman* stockholders would be deprived *de facto* of their right to prosecute their claims. This contention is without merit.

> "By such a procedure, one general counsel is not substituted for the counsel of each party plaintiff's choice. The function of general counsel is merely to supervise and coordinate the conduct of plaintiffs' cases. The separate actions are not merged under the direction of one court appointed master of litigation—each counsel is still free to present his own case, to examine witnesses and to open and close before the jury, if there be one. * * * We see no reason * * why the considerations permitting consolidation for trial are not equally apposite in connection with consolidation in the period before trial. * * * The benefits achieved by consolidation and the appointment of general counsel, i. e. elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel. (Citations omitted.)" MacAlister v. Guterma, supra, 263 F.2d at 68–69.

Both counsel who have been suggested as lead counsel are without doubt able attorneys. However, the long experience and demonstrated skill of Lawrence Milberg, Esq., impels the court to designate him to the position of lead counsel.

For the reasons set forth above the motions to consolidate and to appoint lead counsel are granted.

Settle order on five days' notice, to include ordering provisions with respect to the scope of the lead counsel's activity. Counsel for Blair and the Kalksteins may submit an order containing such protective provisions as they believe necessary to safeguard the distinctive positions of their clients.