In re Leonard G. D'AVIGNON d/b/a
Leonard D'Avignon & Sons Trucking,
and Ruth D'Avignon, Debtors.

Bankruptcy Nos. 81–00033, 81–00034.

United States Bankruptcy Court,
D. Vermont.

Sept. 18, 1981.

# MEMORANDUM AND ORDER AS TO EXEMPTIONS OF DEBTORS

CHARLES J. MARRO, Bankruptcy Judge.

The above-named Debtors, Leonard G. D'Avignon d/b/a Leonard D'Avignon & Sons Trucking and his wife, Ruth D'Avignon, filed separate Petitions for Relief under Chapter 7 of the Bankruptcy Code on February 24, 1981 and they each paid a filing fee of $60.00.

Debtor, Leonard G. D'Avignon, was in the trucking business from September, 1977 to February 7, 1981 under the name of Leonard D'Avignon & Sons Trucking and his wife, Ruth D'Avignon, was an unemployed housewife.

The Trustee, Joseph C. Palmisano, Esquire, filed a Motion for Consolidation of the two cases and also an objection to the exemptions claimed by the Debtors. After strenuous objection by the Debtors through their attorney, John R. Barrera, Esquire, to consolidation and after hearing the Court entered an Order for Joint Administration pursuant to 117(b) of the Rules of Bankruptcy Procedure. The Schedules filed by the Debtors show the following assets and liabilities:

## ASSETS

| Leonard D'Avignon | | Ruth D'Avignon | |
|---|---|---|---|
| Real property (total value) | $ 50,000.00 | Real property | $50,000.00 |
| Cash on hand | 200.00 | Household goods | 2,300.00 |
| Deposits | 1,000.00 | Wearing apparel | |
| Household goods | $2,300.00 | and personal | |
| Wearing apparel and | | possessions | 500.00 |
| personal possessions | 300.00 | Total | $52,800.00 |
| Automobiles and other vehicles | 9,500.00 | | |
| Office Equip. & Supplies | 20.00 | | |
| Machinery, Equipment and | | | |
| supplies used in business | 500.00 | | |
| Property not otherwise | | | |
| scheduled | 18,623.00 | | |
| Total | $ 82,443.00 | | |

## LIABILITIES

| Leonard D'Avignon | | Ruth D'Avignon | |
|---|---|---|---|
| Taxes owing U.S. | $ 21,713.00 | Taxes owing other * | $ 1,758.00 |
| Taxes owing states | 8,976.00 | Secured claims | 30,000.00 |
| Taxes owing other * | 1,758.00 | Unsecured claims | 37,850.00 |
| Secured claims | 42,600.00 | Total | $ 69,608.00 |
| Unsecured claims | 171,978.00 | | |
| Total | $247,025.00 | | |

* other taxing authorities.

---

The only assets which are owned by the Debtors as an estate by the entirety are the real property consisting of the residence with two buildings on two acres of land in Salisbury, Vermont, valued at $50,000.00 and household goods valued at $2,300.00.

All of the liabilities listed in the Schedules of Debtor, Ruth D'Avignon, are joint obligations of her and her husband, Leonard G. D'Avignon. They are as follows:

| | PRIORITY | |
|---|---|---|
| Town of Salisbury | Taxes against real estate | $ 1,758.00 |
| Total Priority | | $ 1,758.00 |
| | **SECURED** | |
| J. P. Carrara & Sons, Inc. | Mortgage on house and two acres--the residence | $ 30,000.00 |
| Total Secured | | $ 30,000.00 |
| | **UNSECURED** | |
| New England Telephone | Telephone service | $ 1,200.00 |
| Chittenden Leasing Corp. | Lease charges for equipment as guarantor | 16,500.00 |
| Porter Medical Ctr. | Medical Services | 150.00 |
| Chittenden Trust Co. | Installment Loan | 20,000.00 |
| Total Unsecured | | $ 37,850.00 |

The Debtors have taken the Vermont state exemptions. They each, in their individual Schedules, claim a $30,000.00 homestead exemption or a total of $60,000.00 under 27 V.S.A. § 101. They further assert that the residence with two acres of land is exempt as an estate by the entirety citing *Rose v. Morrell, et als.,* 128 Vt. 110, 259 A.2d 8 and 15 V.S.A. § 67.

The Debtors have strongly resisted consolidation of the two cases on the theory that their individual rights as Debtors would be prejudiced. Yet they do not object to joint administration for which an Order was entered. In substance there appears to be no difference between consolidation and joint administration.

■ Consolidation does not affect any of parties' substantive rights. *J.G. Link & Co. v. Continental Casualty Co.* (1972 CA9 Mont.) 470 F.2d 1133, cert. den. 414 U.S. 829, 94 S.Ct. 55, 38 L.Ed.2d 63. The purpose of consolidation is to permit total convenience and economy in administration. *Fields v. Wolfson* (1967 D.C.N.Y.) 41 F.R.D. 329; *Feldman v. Hanley* (1969 D.C.N.Y.) 49 F.R.D. 48. Likewise under 117(c) of the Rules of Bankruptcy Procedure when an order for consolidation or joint administration of two or more cases is entered pursuant to this rule, the Court, *while protecting the rights of the parties under the Act,* may make such orders as may tend to avoid unnecessary costs and delay. Underscoring supplied. It follows that the substantive rights of the debtors are not jeopardized by the order for joint administration.

27 V.S.A. § 101 upon which the debtors rely for a $30,000.00 homestead exemption for each reads as follows:

"The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided."

■ The Debtors argue that since they are each a natural person they are each entitled, under the foregoing statute, to a homestead exemption of $30,000.00 or a total of $60,000.00. This Court does not agree. They both are entitled to one homestead exemption of $30,000.00. Such was the decision of this Court in the unreported case of *In re Casey* (November 22, 1980) based upon the following rationale and citations:

The definition of "homestead" is recited in 40 Am.Jur.2d page 115 § 1 thus:

"The word 'homestead' is used in popular parlance to describe the home or residence of the family; the term signifies the dwelling house in which the family resides, with the usual and customary appurtenances, including outbuildings that are necessary or convenient for fam-

ily use, and lands that are devoted to the same purpose."

A homestead is intended to preserve a home for the family.

Our Vermont Supreme Court has even held that an unmarried man having bought, improved and kept a piece of land with a building thereon with the intention of making a dwelling for himself and his mother acquired a homestead. *Hyser v. Mansfield* 72 Vt. 71, 47 A. 105; *Pierce v. Kusic,* 56 Vt. 418.

These cases support the theory that the purpose of the homestead statute is to protect the family as a unit whether it consists of a husband and wife or any other natural person.

In addition to the foregoing homestead statute, the Vermont Legislature enacted a statute to protect the interest of a surviving spouse in the homestead. See 27, Vermont Statutes Annotated, § 105, which reads as follows:

"If such person dies leaving a widow or surviving husband, his or her homestead to the value aforesaid shall pass to and vest in such widow or surviving husband without being subject to the payment of debts of the deceased, unless legally charged thereon in his or her lifetime; and such widow or surviving husband shall take the same estate therein of which her husband or his wife dies seised. The probate court having jurisdiction of the estate of such deceased person, when necessary, shall appoint three commissioners to set out such homestead to such widow or surviving husband."

The foregoing statute protecting the interest of the surviving spouse in a homestead negates the argument of the Debtors that they each during their lifetime have a homestead exemption of $30,000.00.

If in fact the homestead exemption were intended to give each of them an exemption of $30,000.00, § 105 of Title 27 V.S.A. would serve no purpose since the surviving spouse would not need the protection of this statute, having already acquired the homestead exemption during his or her lifetime.

This conclusion is supported by Vermont case law. *In re Cooke* 117 Vt. 336, 91 A.2d 683, holding that a wife's right in the homestead premises is inchoate during her husband's lifetime and ripens into an absolute right on his decease. To like effect is *Cole v. Cole,* 117 Vt. 354, 91 A.2d 819.

It has been said that exclusive occupancy of the property by the claimant and his family as a homestead is a requirement, and that two separate homestead estates cannot coextensively exist in the same premises at the same time. The rule allowing homestead in cotenancy land is applicable where the land is owned by husband and wife, including land held by the entireties.

Further, the measure of the claimant's right of exemption is his interest in the common property so long as that interest does not exceed the statutory limitation as to quantity or value. 140 Am.Jur.2d 156 § 60.

A homestead may attach to the undivided interest of a tenant in common and a husband may have a homestead in lands owned by a husband and wife as tenants by the entirety. 1A Colliers 885. The same would apply to the wife, but husband and wife, owners of a homestead as tenants by the entirety, may not each be entitled to homestead exemptions when each filed a voluntary Petition in Bankruptcy. *In re Davis* 329 F.Supp. 1067 (E.D. Mich.1971).

The *Davis* case is clearly in point. The husband and wife filed separate petitions on different dates. Each was granted a homestead exemption by the Referee in Bankruptcy based on a Michigan statute which granted a homestead exemption of a dwelling huse and appurtenances therein, owned and occupied by any resident of the state, not exceeding in value $3,500.00. After discharge, on motion of a joint creditor of the husband and wife, the Referee in Bankruptcy reopened and consolidated the estates of the bankrupts for purposes of administration. He determined that, as a matter of law, each bankrupt was entitled to a homestead exemption in the premises

owned as tenants by the entirety and ruled that $7,000.00 was exempt from the claims of creditors.

On appeal the District Court reversed. It pointed out that the homestead exemption, unknown at common law, was created to safeguard "the actual home of the family" from the claims of creditors. It cited *McCaslin v. Schouten* 294 Mich. 180, 190, 292 N.W. 696, 700 (1940) where a judgment creditor brought suit to establish a junior lien on property owned by debtor and his wife as tenants by the entirety but subject to mortgage. The *McCaslin* Court pointed out that the homestead of the husband and wife was embodied in their entireties property and allowed but one homestead exemption to both.

In the *Davis* case the bankrupts argued that the reference to residents in the exemption statute indicated a personal and independent right which could be claimed by every resident of the state. This is similar to the contention of the debtors in the instant case that as natural persons they each are entitled to a homestead exemption. The *Davis* Court rejected this argument and pointed out that the word "resident" merely defined the class who could claim the exemption. It concluded that even the most liberal interpretation of the statute would not support the bankrupts' claim of a double exemption in the homestead property. In effect the court viewed the homestead exemption as not a personal right to be claimed by every resident of the state but as a protection for the family unit with the result that the owners of a residence as tenants by the entirety may not, upon filing separate voluntary petitions in the bankruptcy be each allowed a homestead exemption but are limited to a single one for both.

The logical conclusion is that under 27 V.S.A. § 101 the Debtors as husband and wife are entitled to one homestead exemption not exceeding $30,000.00 in value.

The Debtors also seek to exempt the interest of each of them as a tenant by the entirety in the real estate used by them as a residence. They are attempting to invoke such an exemption under § 522(b)(2)(B) of the Bankruptcy Code which reads as follows:

"Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

..."(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

Under § 541 of the Bankruptcy Code the commencement of a case creates an estate. Such an estate is composed of, inter alia, all legal or equitable interests of the debtor in property as of the commencement of the case and would include the interest of a husband and wife in an estate by the entirety. The entirety property remains part of the estate until it is declared exempt.

The interest of a tenant by the entirety is not defined in the Bankruptcy Code and, therefore, resort must be had to nonbankruptcy law. In Vermont tenancy by the entirety is created by a conveyance to husband and wife and it is a peculiar one. The interest of tenants by the entirety is not joint, nor in common. The parties do not hold moieties, but take as one person, taking as a corporation would take; they have but one title; each is seized of the whole and each owns the whole. If one dies the estate continues in the survivor the same as if one of several incorporators dies. It does not descend upon the death of either, but the longest liver, being already seized of the entire estate, is the owner of it. One tenant by entirety cannot sever the tenancy by deed, as a joint tenant can, for neither can alien so as to bind the other. The husband has no interest in either the fee or the usufruct of an estate by the entirety which can be taken in execution for his sole debts. Town of *Corinth v. Emery*, 63 Vt. 505, 22 A. 618. See also *Rose v. Morell*, 128 Vt. 110, 112, 259 A.2d 8 holding that the estate of the wife and the

husband's interest in her tenancy by the entirety, if validly created, is protected from the husband's sole creditors. To the same effect is *Pettengill v. U.S.,* 205 F.Supp. 10; *Lowell v. Lowell,* 138 Vt. 514, 419 A.2d 321. Likewise it has been held that the wife's interest in an estate by the entirety is her separate property and not subject to her husband's debts. *Citizens' Sav. Bank & Trust Co. v. Jenkins,* 91 Vt. 13, 99 A. 250.

The Debtors argue, after claiming the Vermont state exemptions and taking advantage of § 522(b)(2)(B) of the Code, that by the filing of separate petitions, each is entitled to exempt his or her interest as a tenant by the entirety. They contend that the interest of each is exempt from process and, therefore, they each qualify for the exemption under the foregoing section of the Code.

They rely heavily on *In re Barsotti,* 7 B.R. 205 (Bkrtcy.W.D.Pa.1980); *In re Ford,* 3 B.R. 559 (Bkrtcy.D.Md.1980), and *In re Weteroff* 453 F.2d 544 (CCA 8th Cir.). In both the *Barsotti* and *Ford* cases the filing was by the husband only after the enactment of the Code. *Barsotti* was decided under Pennsylvania law which made entirety property immune from process where only one spouse is a debtor. Therefore, the Bankruptcy Court allowed the debtor the exemption of his interest as a tenant by the entirety. The *Ford* Court also allowed the husband debtor an exemption of his interest as a tenant by the entirety after reciting that the settled law of Maryland made property held by the entirety not subject to the claims of individual creditors of either spouse and that in order for a joint creditor to execute upon entirety property to satisfy obligations due him from both spouses, the husband's interest must be joined with the wife's interest in entirety property.

The *Ford* Court did, however, recognize that as in the past (referring to the Bankruptcy Act) a joint creditor may prior to the discharge of the bankrupt spouse from the debt of such creditor and upon lifting of the stay proceed to obtain judgment, execute or foreclose upon property owned by both the bankrupt and the nonbankrupt spouse as tenants by the entirety. 3 B.R. 576.

The *Weteroff* case was decided under the Bankruptcy Act rather than the Code and the Court held that in Missouri property held under the form of ownership described as a tenancy by the entirety is includable in the bankrupt's estate; i.e., the trustee does not succeed to entirety property under § 70(a) of the Bankruptcy Act unless both the husband and wife are petitioners in bankruptcy and the proceedings are consolidated. 453 F.2d 546. It is noted that the language used by the 8th Circuit Court of Appeals in *Wetteroff* is "the *proceedings* are consolidated." Underscoring supplied.

In the instant case the Debtors stress that they are husband and wife and have each filed separate petitions and, therefore, they are entitled to separate exemptions which would make the interest of each in the residence property as an estate by the entirety exempt since, under Vermont law, such interest is immune from the reach of their respective creditors. The fallacy with this argument is that the Court has ordered joint administration which, in legal effect, is the same as consolidation of the proceedings. The effect of the Order for Joint Administration would appear to be the same as the filing of a joint petition by the debtors as husband and wife. The substantive rights and obligations of each debtor under the Bankruptcy Code including the claim to exemptions is the same whether they file a joint petition or separate petitions which have been ordered for joint administration. The Schedules clearly indicate that they have joint obligations in the total sum of $69,608.00. Under Vermont law the interest of each debtor as a tenant by the entirety is protected from the claims of their individual creditors. In re Davis and other cases cited, supra. However, such protection does not extend to joint creditors of both debtors as husband and wife.

Although no Vermont case law has been found it is generally held that the estate by the entirety is liable for the joint debts of both spouses and, hence, it is reachable by

process and bound by judgment in an action against them jointly. 41 Am.Jur.2d 77 § 76. *U.S. v. Ragsdale* (D.C.Tenn.) 206 F.Supp. 613; *First Nat. Bank v. Pothuisje,* 217 Ind. 1, 25 N.E.2d 436, 130 A.L.R. 1238; *Ades v. Caplin,* 132 Md. 66, 103 A. 94; *Martin v. Lewis,* 187 N.C. 473, 122 S.E. 180, 35 A.L.R. 144.

And in *Ragsdale v. Jenesco, Inc.,* (Bkrtcy. E.D.Va.1981) 9 B.R. 991, 7 B.C.D. 574, the Bankruptcy Court held that in a joint case the trustee may reach entireties property because the interest of both debtors pass into the estate upon filing. As indicated above this Court makes no distinction between a case in which husband and wife join in one petition or file separate petitions which are ordered for joint administration.

Even though the creditors holding claims against the debtors herein, which are their joint obligations, did not obtain a judgment against them prior to the filing the Trustee under § 544(a) of the Bankruptcy Code is in the position of a judgment lien creditor and as such is entitled to reach the property held by the debtors as an estate by the entirety.

The filing of separate petitions by the debtors to save the entirety property from the reach of the trustee is no more than a nicety. The rights of the debtors must be determined by substantive law rather than form. By the filing of their petitions they have submitted to the jurisdiction of the Bankruptcy Court and, under the Code, they are required to turn over all of their assets to the trustee as part of the bankrupt estate. It would not be equitable for them to retain the entirety property as an exemption under § 522(b)(2)(B) of the Code to the detriment of creditors to whom they are indebted jointly. It is recognized that the purpose of exemptions is rehabilitation—to enable the debtor to "make a fresh start" in life and bear the burden of future responsibility. At the same time there must exist an equity to the creditors of the debtors. This was succinctly pointed out in a recent article entitled "The Bankruptcy Code of 1978 and its Effect Upon Tenancies by the Entireties" in Volume 13, Indiana Law Review 761.

### ORDER

Upon the foregoing,

IT IS ORDERED that the Debtors are entitled to one homestead exemption of $30,000.00 and that the equity in the real estate consisting of the residence and two acres of land in Salisbury, Vermont over and above any valid real estate mortgages and liens as well as the homestead exemption shall be turned over to the Trustee, Joseph C. Palmisano, Esquire, for appropriate disposition under the provisions of the Bankruptcy Code.