**Leonard G. D'AVIGNON d/b/a Leonard D'Avignon & Sons Trucking, and Ruth D. D'Avignon**

v.

**Joseph C. PALMISANO, Trustee.**

**Civ. A. No. 81–345.**

United States District Court, D. Vermont.

Oct. 5, 1982.

John R. Barrera, Conley & Foote, Middlebury, Vt., for Leonard G. D'Avignon d/b/a Leonard D'Avignon & Sons Trucking and Ruth D'Avignon.

Joseph C. Palmisano, Barre, Vt., trustee.

## OPINION AND ORDER

COFFRIN, Chief Judge.

### Statement of Facts

Leonard G. D'Avignon, d/b/a Leonard D'Avignon & Sons Trucking, and his wife, Ruth D'Avignon, filed separate voluntary petitions for relief on February 24, 1981 under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 301 (Supp. III 1979). Among their assets both debtors listed real property, their residence, valued at $50,000, and household goods valued at $2300 held by the debtors as tenants by the entirety. This property constituted substantially all of the assets listed by Ruth D'Avignon. All of the liabilities listed by Ruth D'Avignon are joint obligations with her husband. On his schedules Leonard D'Avignon listed additional assets and liabilities largely associated with his trucking business and not material for purposes of this appeal.

Both debtors elected under 11 U.S.C. § 522(b)(2)(A) (Supp. III 1979) to take the exemptions allowed under Vermont law. They each, in their individual schedules, claimed a $30,000 homestead exemption or a total of $60,000 under Vt.Stat.Ann. tit. 27, § 101 (Supp.1983). In addition, each sought to exempt his or her interest in the property held by the entirety under 11 U.S.C. § 522(b)(2)(B) (Supp. III 1979). Joseph C. Palmisano was appointed trustee for both estates. He filed a motion for consolidation of the two cases and objected to the homestead exemptions and the exemptions of the property held by the entirety. The bankruptcy court, 34 B.R. 790, Charles J. Marro, J., presiding, entered an order for joint administration pursuant to Rules Bankr.Proc.Rule 117(b), 11 U.S.C. (1976). Judge Marro also ordered that the debtors be allowed only one homestead exemption of $30,000 and that the property held by the entirety be turned over to the trustee for disposition. It is these orders to which the debtors object in this appeal.

### Discussion

Two questions are presented here: (1) may the bankruptcy court, by ordering joint administration of separate petitions of a

husband and wife, defeat the exemption of each debtor's interest in property held by the entirety to which he or she would be entitled as a sole debtor in bankruptcy? and (2) may two debtors, husband and wife, each claim a full exemption under the Vermont homestead exemption statute for their interests in the same homestead?

## I.

▮ Vermont recognizes the estate by the entirety in its traditional form. "Tenants by the entirety have but one title and each owns the whole, and neither, without the concurrence of the other, has power to convey to any third person and thus to sever the tenancy." *Kennedy v. Rutter,* 110 Vt. 332, 340, 6 A.2d 17, 21 (1939). The estate by the entirety is protected from the sole creditors of either spouse. *Pettengill v. United States,* 205 F.Supp. 10, 13 (D.Vt. 1962); *Rose v. Morrell,* 128 Vt. 110, 112, 259 A.2d 8, 10 (1969). Vermont also recognizes estates by the entirety in personal property. *George v. Dutton's Estate,* 94 Vt. 76, 78, 108 A. 515, 516 (1919). Although it is widely accepted elsewhere, there appears to be no case law in Vermont which directly supports the proposition that entirety property is available to satisfy joint debts of both spouses but both parties here concede that this is most likely the rule.

▮ A debtor's interest in property held as a tenant by the entirety is included in his estate in bankruptcy as are all of his legal and equitable interests in property, however held. 11 U.S.C. § 541(a); *In re Ford,* 3 B.R. 559, 570 (Bkrtcy.D.Md.1980), *aff'd per curiam sub nom Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). A debtor may exempt his interest in entirety property from the estate "to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B). Under Vermont law, as dis-

cussed above, it is clear that the undivided interest of one tenant by the entirety may not be reached by the sole creditors of that tenant. Therefore, applying Vermont law to section 522(b)(2)(B), a sole debtor may exempt all of his interest in property held by the entirety from his bankruptcy estate.

The debtors do not dispute that, had they filed a joint petition under 11 U.S.C. § 302(a) (Supp. III 1979), the property held as tenants by the entirety would be available to the trustee to satisfy joint creditors. The debtors claim to have avoided this result by filing separate petitions. The separate filings allegedly created separate estates to which all of the exemptions under section 522 apply including the exemption for interests in property held by the entirety. It is the debtors' position that the bankruptcy court does not have the authority under rule 117(b),[1] permitting joint administration, to join their interests and defeat the exemptions. The debtors argue that in order to reach entirety property in bankruptcy the interests of husband and wife must be joined. To accomplish such a union, the bankruptcy court must in some manner combine the estates, which, the debtors maintain, cannot be accomplished under rule 117(b).

▮ This argument ignores the clear implication of the long-standing practice of including tenancy by the entirety property in bankruptcy estates when a husband and wife file a joint petition under 11 U.S.C. § 302(a). The authority for including such property is found in 11 U.S.C. § 302(b) (Supp. III 1979) which provides for "consolidation" of the debtors' estates. The notes which accompany section 302(b) specifically address the inclusion of jointly held property:

Subsection (b) requires the court to determine the extent, if any, to which the

---

1. Rule 117(b) reads as follows:

(b) Cases Involving 2 or More Related Bankrupts. If 2 or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) 2 or more general members of a partnership, or (4) a

bankrupt and an affiliate, the court may order a joint administration of the estates. Before making such an order the court shall give due consideration to the protection of creditors of the different estates against potential conflicts of interest.

estates of the two debtors will be consolidated: that is, assets and liabilities combined in a single pool to pay creditors. Factors that will be relevant in the court's determination include the extent of jointly held property and the amount of jointly-owned debts. The section, of course, is not license to consolidate in order to avoid other provisions of the title to the detriment of either the debtors or their creditors. *It is designed mainly for ease of administration.*

11 U.S.C. § 302(b) historical and revision notes (emphasis added). While it can be inferred from the note that section 302(b) is designed to permit inclusion of entirety property in the debtors' estates for the satisfaction of joint creditors, it uses very similar language to the note accompanying rule 117(b) permitting joint administration:

Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, *and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.*

Rules Bankr.Proc.Rule 117(b), advisory committee's note, subd. (b) (emphasis added). It is clear from the emphasized language of the first quoted note above that Congress, in enacting section 302(b), did not regard the pooling of jointly held property to satisfy joint debts as an abrogation of the debtors' substantive rights. That being the case, it is reasonable to conclude that, by ratifying the similar language in the note accompanying rule 117(b), the Supreme Court manifested a similar intent; that is, that among the procedural simplifications contemplated by rule 117(b) is the pooling of jointly held property to satisfy joint creditors.

The debtors argue that joint administration is distinguishable from consolidation. To support their position they point to the portion of the advisory committee's note to

rule 117(b) which identifies the judicial remedy of consolidation of estates:

Although consolidation of the estates of separate bankrupts may sometimes be appropriate, as when the affairs of an individual and a corporation owned or controlled by him are so intermingled that the court cannot separate their assets and liabilities, such consolidation, as distinguished from joint administration, is neither authorized nor prohibited by this rule since the propriety of consolidation depends on substantive considerations and affects the substantive rights of the creditors of the different estates.

As the note makes clear, this is not the "consolidation" referred to in rule 117(a) (cases involving same bankrupt). Nor is it the "consolidation" permitted in section 302(b) which, we emphasize again, is mainly for ease of administration. This is but a third type of consolidation which, the note makes clear, does affect the substantive rights of *creditors* of the estates. It is this third "consolidation" which the note distinguishes from joint administration in the second quoted passage above.

The effect on the substantive rights of the creditors of the different estates can be shown by taking the example of an individual (A) who files a Chapter 7 individual liquidation petition and simultaneously causes a corporation owned solely by him also to file a Chapter 7 petition. If the property of A's individual estate available to satisfy unsecured claims is valued at $10,000 and those claims are for $20,000, the creditors of A's individual estate will receive fifty cents for each dollar claimed due them. If, however, A's individual estate were "consolidated" with the corporate estate, which has no assets and unsecured claims of $80,000, A's unsecured creditors would receive only ten cents for each dollar due to them, a substantial dilution of their recovery. This is the substantive prejudice which the advisory committee's note cautions against. *See Sampsell v. Imperial Paper Corp.,* 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293 (1941) (permitting consolidation after determining that creditor and debtor combined to make fraudulent transfers to

debtor corporation). The court finds no such substantive prejudice in the present case. Under Vermont law, entirety property is available only for the satisfaction of joint debts. By including entirety property in the estate, the amount available for the satisfaction of claims against each spouse as a sole debtor is unchanged.

Indeed, to permit the result sought by the debtors here would allow a "legal fraud" as was condemned in *Reid v. Richardson,* 304 F.2d 351, 355 (4th Cir.1962). The court in *Reid* recognized the inequity which results from permitting married debtors to obtain a discharge from joint debts while protecting a large portion of their assets from the reach of joint creditors. *Id.* at 354–55. It is worth noting in this regard that the Bankruptcy Code provides a remedy for a similar inequity where one spouse files a petition in which the other does not join. Absent some corrective action, the bankrupt debtor spouse could exempt his or her interest in entirety property and then proceed to obtain a discharge from all debts. The entirety property would then be forever beyond the reach of joint creditors because the discharged debtor's interest could not be joined with that of his or her spouse in any proceeding. In this situation, the bankruptcy judge may, upon petition by a joint creditor, lift the automatic stay so that the creditor may, prior to discharge, proceed against entirety property and obtain a judgment in an appropriate court. 11 U.S.C. § 362(d)(1) (Supp. III 1979); *see In re Phillos,* 14 B.R. 781, 784 (Bkrtcy.W.D.Va. 1981); *In re Ford,* 3 B.R. at 576. If spouses cannot protect their entirety property from joint creditors when only one spouse enters bankruptcy proceedings, there is no reason to permit them to do so when both are in bankruptcy.

## II.

▮ Debtors rely for their claimed homestead exemptions on a literal reading of the language of Vt.Stat.Ann. tit. 27, § 101.[2] Debtors claim that the words "natural person" in section 101 are intended to confer upon each of them a personal right to a full exemption. This court does not agree. As was pointed out in Judge Marro's memorandum and order below, the Vermont homestead exemption is intended to preserve a home for the family. This is the underlying rationale of the cases interpreting the homestead exemption. *See, e.g., In re White,* 18 B.R. 95, 98 (Bkrtcy.D.Vt.1982); *Hyser v. Mansfield,* 72 Vt. 71, 47 A. 105 (1899); *Rice v. Rudd,* 57 Vt. 6 (1885). It may also be inferred from a reading of Vt.Stat.Ann. tit. 27 § 105 (1975), which provides for the vesting of the homestead in the surviving spouse upon the decease of his or her partner. *See Cole v. Cole,* 117 Vt. 354, 91 A.2d 819 (1952); *In re Cook,* 117 Vt. 336, 91 A.2d 683 (1952). If each spouse had a separate vested interest in the homestead during the lifetime of both, as the debtors maintain, this section would be redundant. Section 105 is clearly predicated upon the understanding that there is only one homestead exemption per family.

The more reasonable interpretation of section 101 is that the words "natural person" are intended as words of classification, i.e. to distinguish corporations and other "legal persons" from the persons who may claim the exemption. *See In re Davis,* 329 F.Supp. 1067 (E.D.Mich.1971). Debtors, as husband and wife, living together in the same family home, are only entitled to one homestead exemption not to exceed $30,000 in value.

For the reasons stated above, the orders of the bankruptcy court are affirmed and the case is remanded for further proceedings consistent with this opinion.

**2.** § 101. Definition; exemption from attachment and execution.

The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided.