09-2994-cv
Astra USA, Inc. v. Bildman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand ten.

PRESENT: WILFRED FEINBERG,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges.*

-----------------------------------------------------------------------
ASTRA USA, INC.,

*Plaintiff-Appellee*,

v.                                                                No. 09-2994-cv

LARS P.E. BILDMAN, LAUREN ANNE BILDMAN,
ERIK BILDMAN,

*Defendants-Appellants.*
-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:    LARS P.E. BILDMAN, *pro se*, Killington, Vermont.

THEODORE F. ROBARE, Rutland, Vermont, *for Defendants-Appellants Lauren Bildman and Erik Bildman*.

APPEARING FOR APPELLEE:    JEFFREY S. ROBBINS (A.W. Phinney, III, Joseph D. Lipchitz, *on the brief*), Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Boston, Massachusetts.

Appeal from the United States District Court for the District of Vermont (John M. Conroy, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 10, 2009, is AFFIRMED.

Defendants appeal from an award of summary judgment in favor of plaintiff Astra USA, Inc. ("Astra") on Astra's claims alleging fraudulent transfer of property in violation of the Vermont Fraudulent Conveyances and False Checks Statute, Vt. Stat. Ann. tit. 9, § 2285 et seq.[1] In particular, defendants contend that (1) the entry of final judgment was improper because they did not consent to the case being transferred from one magistrate judge to another; (2) Astra's claims are barred by the statute of limitations and the doctrine of laches; (3) triable issues of fact exist as to the elements of the fraudulent conveyance claims; (4) the Vermont Homestead Statute precludes the imposition of a constructive trust on one of the two pieces of property at issue; and (5) the district court erred in awarding sanctions because defendants were not first afforded an opportunity to respond. We review a summary judgment ruling de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008).

_____

[1] On March 18, 2009, after conducting a hearing at which defendants made no appearance, the district court issued an opinion and order awarding summary judgment to Astra. Upon defendants' subsequent motion for a new hearing and partial reconsideration of the opinion and order, the court held a second hearing and, on June 4, 2009, issued the amended opinion and order underlying the judgment from which defendants now appeal.

While we will not uphold an award of summary judgment in favor of the plaintiff if the evidence is sufficient to permit a reasonable jury to find for the defendants, the defendants must point to more than a "scintilla" of evidence in support of their position to defeat summary judgment. Id. (internal quotation marks omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Reassignment to Magistrate Judge Conroy

Defendants submit that the "entry of final judgment is a nullity" because (1) they did not consent to the case being reassigned to Magistrate Judge Conroy following the retirement of Jerome J. Niedermeier, the magistrate judge to whom the case was initially referred; and (2) the reassignment was not accompanied by a formal order of reference signed by a district judge. Appellants' Br. at 9. We are not persuaded.

Title 28 U.S.C. § 636(c)(1) states that, "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." Defendants concede that they executed an assignment form in which they "voluntarily consent[ed] to have th[e] case assigned to the Magistrate Judge for any and all further proceedings, including trial and entry of a final judgment." Astra USA, Inc. v. Bildman, No. 07 Civ. 214, Magistrate Judge

3

Assignment Form (Sept. 9, 2008); see Appellants' Br. at 4. Nevertheless, they contend that because Magistrate Judge Niedermeier was the only federal magistrate judge serving in Vermont at the time they gave consent, the phrase "the Magistrate Judge" manifests their consent to the exercise of jurisdiction only by Magistrate Judge Niedermeier and not by any other magistrate judge.

Even if we were to construe defendants' initial consent as narrowly as they urge, their jurisdictional challenge would not succeed. By appearing without objection before Magistrate Judge Conroy and filing various submissions with the court, including a motion for summary judgment, after receiving notice of the case reassignment, defendants – who had been advised of their right to decline to have their case resolved by a magistrate judge – implicitly consented to Magistrate Judge Conroy's exercise of jurisdiction. See Roell v. Withrow, 538 U.S. 580, 590 (2003) (holding that court may imply consent for purposes of § 636(c)(1) "where . . . the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge"). To hold otherwise would effectively permit defendants to do precisely what the Supreme Court has cautioned against – "sit back without a word about their failure to file [a new consent form and maintain the] right to vacate any judgment that turn[s] out not to their

liking." Id. For the foregoing reasons, defendants' argument that they did not consent to disposition of the case by Magistrate Judge Conroy fails.[2]

### 2.    Statute of Limitations and Laches

Defendants challenge the district court's award of summary judgment in Astra's favor on the ground that Astra's claims with respect to Lot 101 are barred by the statute of limitations and its claims with respect to Lots 101 and 102 are barred by the doctrine of laches. We disagree.

### a.    Statute of Limitations

Because the transfer of Lot 101 occurred in July 2002, Astra's fraudulent conveyance claims, filed in October 2007, cannot be maintained under § 2289(a), which is subject to an unqualified four-year filing rule. See Vt. Stat. Ann. tit. 9, § 2293(2). We agree with the district court, however, that Astra can sue for fraudulent conveyance under § 2288(a)(1) because it filed its claims within one year of discovering, in a March 2007 deposition, that Lars Bildman had transferred Lot 101 to his son, Erik Bildman. See id. § 2293(1). Any claim that the fraudulent nature of the transfer could reasonably have been discovered sooner is unpersuasive. Astra had no right to seek discovery from Lars Bildman prior to entry of

---

[2] Defendants also challenge Magistrate Judge Conroy's authority in this case by arguing that the transfer from Magistrate Judge Niedermeier to Magistrate Judge Conroy was improper because Magistrate Judge Niedermeier issued the order of reassignment. Even assuming the reassignment in this case were improper, such an error would be harmless because defendants consented to the reassignment by appearing before Magistrate Judge Conroy without objection.

5

judgment in its favor on January 25, 2006, and reasonably declined to pursue such discovery until after the May 2006 denial of Bildman's motions for post-verdict relief. Thereafter, Astra was reasonably diligent in conducting discovery and uncovering Bildman's July 2002 transfer.

b. <u>Laches</u>

Defendants maintain that all of Astra's claims are barred by laches because, for more than a decade, Astra "did not attempt in any way to secure its interests through available legal or equitable actions or even to execute any due diligence by performing a title search." Appellants' Br. at 22. This argument, which reduces to a challenge to Astra's failure to monitor Lars Bildman's assets prior to obtaining final judgment in its favor, is unavailing. First, "it is well established that, as a general rule, '[l]aches is not a defense to an action filed within the applicable statute of limitations.'" United States v. Milstein, 401 F.3d 53, 63 (2d Cir. 2005) (alteration in original) (quoting United States v. RePass, 688 F.2d 154, 158 (2d Cir. 1982)). Because we conclude that Astra's claims were brought within the applicable limitations period, defendants' laches defense necessarily fails.

In any event, the doctrine of laches, unlike a statute of limitations, does not depend on whether "a certain definite time has elapsed since the cause of action accrued, but whether, under all the circumstances of the particular case, plaintiff is chargeable with a want of due diligence" in asserting its rights. McIntire v. Pryor, 173 U.S. 38, 59 (1899) (internal quotation marks omitted); see also Brennan v. Nassau County, 352 F.3d 60, 64 (2d Cir.

6

2003). Defendants provide no support for their conclusory assertion that Astra unreasonably delayed in seeking to set aside the transfer of Lot 102, and, for the reasons already stated, we conclude that Astra was reasonably diligent in pursuing its rights following its March 2007 discovery of the transfer of Lot 101.

Accordingly, Astra's claims are not barred by laches.

3.      Elements of Fraudulent Conveyance Claims

Defendants contend that summary judgment was unwarranted because they raised triable issues of fact as to the elements of Astra's fraudulent conveyance claims. On de novo review of the record, we reject this argument substantially for the reasons stated in the district court's decision. Astra demonstrated the presence of most of the badges of fraud relevant to the assessment of actual fraudulent intent under § 2288(a)(1). See Vt. Stat. Ann. tit. 9, § 2288(b)(1)-(11). In addition, because – as the district court found – the only competent record evidence demonstrates that Lots 101 and 102 were transferred without consideration and that Lars Bildman was insolvent during the relevant time periods, the transfers were properly deemed fraudulent as a matter of law with respect to present creditors under § 2289(a). In light of our agreement with the district court on these points, we write briefly only to address defendants' arguments that the district court issued flawed instructions regarding the motion for summary judgment and that Astra failed to deduct the value of defendants' counterclaims from its $840,000 recovery demand.

7

### a. Summary Judgment Hearing Instructions

Defendants urge us to vacate the summary judgment award on the ground that the district court's instructions at the April 16 hearing were imprecise and effectively failed to "alert the [d]efendants . . . [to] the need for further evidentiary support for their defenses." Appellants' Br. at 19. We are not persuaded. Defendants cite no authority, and we are aware of none, requiring a court to warn a counseled party of deficiencies in its evidentiary submission prior to ruling against that party on a motion for summary judgment. Cf. Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620-21 (2d Cir. 1999) (requiring that pro se litigant be given notice only of nature and consequences of summary judgment). Moreover, although the district court issued no written order establishing a schedule for the filing of post-hearing submissions, the record indicates that defendants filed a supplemental memorandum in support of their motion for summary judgment and a post-hearing brief, both of which were received well before the district court entered judgment. Accordingly, we are not persuaded that the district court's instructions or management of the case manifest error, much less error warranting vacatur.[3]

---

[3] Defendants' reliance on Federal Refinance Co. v. Klock, 352 F.3d 16 (1st Cir. 2003), is misplaced. In that case, the court concluded that where a motion to set aside a transfer "was not couched as a motion for summary judgment," the district court's imprecise comments and its decision to schedule a hearing on only seven days' notice failed to provide the non-movant sufficient notice of "the need to produce evidentiary support for his affirmative defenses" and "an adequate opportunity to proffer evidence." Id. at 31-32. Here, however, defendants expressly moved for summary judgment and thus cannot claim that they were unaware of the need to adduce evidence in support of their defenses. In addition, because the district court provided the parties more than ten days' notice of the April 16 hearing, there is no basis for concluding that defendants were not afforded an adequate opportunity to proffer evidence.

b.       <u>Astra's Failure To Deduct Counterclaims</u>

There is no merit in defendants' argument that Astra's $840,000 recovery claim was not properly reduced by the value of defendants' counterclaims. Astra's claim, which represents $1,040,000 in damages awarded to Astra less $200,000 in damages awarded to Lars Bildman on a counterclaim, need not be reduced to reflect the value of counterclaims that were alleged but not proved.[4] While defendants cite case law purporting to hold otherwise, those cases are inapposite because (1) they apply New York rather than Vermont law, and (2) they involve the requirements for attachment, which – unlike execution – occurs <u>before</u> judgment is entered.

4.       <u>Vermont Homestead Statute</u>

Defendants' argument that the district court erred in imposing a constructive trust on Lot 102 because that property is exempt from attachment and execution under the Vermont Homestead Statute, Vt. Stat. Ann. tit. 27, § 101, is similarly without merit. Pursuant to Vt. Stat. Ann. tit. 27, § 101:

> The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $125,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits, and products thereof, shall be exempt from attachment and execution except as hereinafter provided.

Even assuming that Lot 102 is defendants' homestead, they have adduced no competent evidence tending to rebut the opinion of Astra's expert appraiser that, at the time of transfer, Lot 102 was worth $400,000. The district court therefore properly concluded that the value

---

[4] For purposes of this order, these figures have been approximated.

9

of Lot 102 in excess of $125,000 is subject to the claims of defendants' creditors, including Astra.[5] See Abbadessa v. Tegu, 122 Vt. 338, 340 (1961) (concluding that, where value of real estate including homestead exceeds value of homestead exemption, transfer is not "immune from attack as being fraudulent merely because the subject matter of the conveyance includes, in part, the homestead of the grantors").

Although defendants argue that the impossibility of setting out the homestead from the remainder of Lot 102 precludes an award of equitable relief, the argument was not raised below and is therefore waived. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008). Even if the argument were not waived, such difficulties would not foreclose Astra from satisfying its claim, as Astra could proceed in accordance with Vermont law providing procedures for cases in which it is necessary "to sever or set out a homestead from other real estate," Vt. Stat. Ann. tit. 27, § 181, or to order the transfer or sale of a homestead in lieu of severance, see id. § 183; see also Abbadessa v. Tegu, 122 Vt. at 340.

5.    Sanctions

Defendants submit that the district court's imposition of sanctions is (1) void because the magistrate judge lacked authority to enter final judgment, and (2) otherwise improper because defendants were not afforded an opportunity to respond to claimed deficiencies in their responses to various discovery requests. Reviewing for abuse of discretion, see

---

[5] We reject defendants' claim that because this case involves two debtors, they are entitled to two homestead exemptions not exceeding $250,000 in value. See In re D'Avignon, 34 B.R. 790, 794 (Bankr. D. Vt. 1981) (noting that under § 101, "[d]ebtors as husband and wife are entitled to one homestead exemption"), aff'd D'Avignon v. Palmisano, 34 B.R. 796 (D. Vt. 1982).

Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007), we conclude that defendants' first argument is foreclosed by our conclusion that the magistrate judge's exercise of jurisdiction was proper and the latter argument is not supported by the record. After successfully moving to compel defendants to produce documents called for in its discovery requests, Astra was awarded the attorney's fees incurred in connection with that motion. Prior to the award, defendants filed a written opposition to the motion for fees and were represented at the September 16, 2008 hearing on the matter. They were also heard during the April 16, 2009 hearing preceding entry of judgment. Because the district court's June 10, 2009 judgment denied Astra's motion for further sanctions, it did nothing more than direct defendants to pay a preexisting award of attorney's fees. We therefore reject defendants' contention that they were not afforded an opportunity to be heard on the issue of sanctions, and we affirm the district court's directive that defendants pay the attorney's fees awarded to Astra on September 16, 2008.[6]

6.     Conclusion

We have considered defendants' remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the June 10, 2009 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[6] To the extent defendants raise any other challenges to the imposition of sanctions, the challenges are insufficiently argued. They are therefore waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).